In the Matter of GRACE M. REBMANN, Respondent, *v.* PETER B. MULDOON, Appellant.

First Department, May 13, 1965.

*Michael Ruggiero* for appellant.

*Douglas A. Witschieben* of counsel (*Dent & Witschieben,* attorneys), for respondent.

STEUER, J. This is a filiation proceeding in which defendant has been adjudged the father of complainant's illegitimate child. It has long been recognized that a charge of this character is very simple to assert and equally difficult to negate (*Burke* v. *Burpo,* 75 Hun 568). Consequently, an evidentiary rule has been evolved requiring " entirely satisfactory evidence," which means evidence sufficient to create a genuine belief that the defendant is the father of the child, a belief which is supported by more than a mere preponderance of the evidence, though not necessarily sufficient to overcome any reasonable doubt (*Commissioner of Public Welfare [McNamee]* v. *Ryan,* 238 App. Div. 607; *Matter of Brown* v. *Labus,* 19 A D 2d 554). To meet this requirement, complainant testified to an act of intercourse on July 7, 1963. But this alone would not establish paternity (*People ex rel. Mandelovich* v. *Abrahams,* 96 App. Div. 27). In fact, where, as here, complainant's relationships with other men are established, the virtual impossibility of direct contradiction of paternity requires very careful scrutiny of the testimony (*Drummond* v. *Dolan,* 155 App. Div. 449).

It serves no purpose to detail the testimony in cases of this kind. Suffice it to say that these facts demonstrate the absence of satisfactory evidence: that complainant cohabited with one Lynch regularly over periods before and after the incident in question; that she also had intercourse with defendant at least six times; and that she frequently entertained other men in her apartment alone. She professed no great fondness at any time for either the men she admits having yielded to, or for those with whom she denies relationship though admitting opportunity. The whole presents a situation where it is doubtful that any one man can be said with any degree of certainty to be the father. Furthermore, her testimony as to the time when, the occasion and the circumstances of her accusation that the defendant was the father of her child is so peculiar that it becomes suspect. As the testimony adduced did not measure up to the required standard, the proceeding should have been dismissed (*Commissioner of Public Welfare of City of N. Y.* v. *Kotel,* 256 App. Div. 352).

The order should be reversed on the law and the facts and the proceeding dismissed, without costs.

McNally, J. (dissenting). I am in accord with my brethren on the requirement of " entirely satisfactory evidence " to support a finding of paternity in a filiation proceeding. In my opinion, however, the record supports the finding of paternity made by the trial court. Moreover, respondent admits relations with the petitioner prior to conception of the child whose paternity is in issue and fails to deny the relevant act of intercourse with which he is charged by petitioner. Although the sexual morality of the petitioner leaves much to be desired, we may not disregard the evidence of paternity simply because we are not in accord with petitioner's sexual code.

The order should be affirmed.

Botein, P. J., Rabin and Stevens, JJ., concur with Steuer, J.; McNally, J., dissents in opinion.

Order, entered on July 17, 1964, reversed, on the law and on the facts, without costs and without disbursements, and the proceeding dismissed.