In the Matter of WILLIAM S. HAWTHORNE, as Deputy Commissioner of Social Services of the County of Erie, on Behalf of ROSE B., Respondent, v. EDWARD S., Appellant.

Fourth Department, March 27, 1969.

*Augustine A. Mosco* for appellant.

*George M. Nelson, County Attorney* (*John J. Barone* of counsel), for respondent.

GABRIELLI, J. The respondent in a proceeding to establish paternity and for support of a child claimed to have been born to petitioner on August 12, 1966 appeals from an order of the Family Court which adjudged him to be the father. (Family Ct. Act, § 511.) The proceeding is brought in petitioner's name by the County Attorney, since she was a recipient of financial assistance from the Welfare Department of the county.

Petitioner testified to having been married in 1948, which relationship was terminated by an annulment in 1950. Additionally, it appears that she had three other children thereafter. She further testified to intimate relations with appellant during the summer and fall months of 1965 as well as in January, 1966. Her testimony further reveals that she personally delivered the child in question at her home and was not attended by any physician at any time during her pregnancy or at the time of delivery. While petitioner testified that the child was born on August 12, she did not have the birth registered until November 9, 1966. None of her testimony was corroborated nor were any other witnesses produced by petitioner. Respondent denied having intercourse with her on any of the occasions claimed by petitioner.

Charges of this character are easy to assert and equally difficult to disprove (*Matter of Rebmann* v. *Muldoon,* 23 A D 2d 163; *Burke* v. *Burpo,* 75 Hun 568) and, as a consequence,

an evidentiary rule has been evolved requiring " entirely satisfactory evidence ", which means evidence sufficient to create a genuine belief that the respondent is the father of the child, a belief which is supported by more than a mere preponderance of the evidence, though not necessarily sufficient to overcome any reasonable doubt (*Matter of Morris* v. *Canfield,* 19 A D 2d 942; *Erie County Bd. of Social Welfare* v. *Holiday,* 14 A D 2d 832). We find the evidence less than satisfactory and, certainly, completely insufficient to sustain the allegations made against respondent.

The record contains no findings whatsoever and thus fails to disclose the basis for the order appealed from. We are impelled to emphasize the legal and practical necessity of an informative decision, to point out that the factors peculiar to a filiation proceeding require particular care in the evaluation of the evidence and in the preparation of detailed findings. There is a clear necessity for adherence on the part of the Family Court to comply with the requirement that a decision shall embody adequate findings (Family Ct. Act, § 165; CPLR 4213, subd. [b]; *Matter of Gray* v. *Rose,* 30 A D 2d 138; *Rodoe* v. *Noneus,* 23 A D 2d 212). Here, the court failed to translate its conclusions into intelligible form, and we write on this point to inform these courts of the clear requirements to be met.

At the conclusion of the testimony, the court stated: " I am going to reserve decision. I must go over the early testimony with relationship to, in this case, a period of several months, rather than the month prior to, the month of and the month subsequent to the birth as registered in the birth certificate. Now, for this reason, testimony for a period of several months becomes extremely relevant to the Court, because I am not convinced that the child actually positively was born on August 12th." Whereupon, petitioner's attorney offered to have certain records of the Welfare Department (not in evidence) made available to the court, to which respondent's attorney objected unless he were given an opportunity to also examine them. These records were submitted to and examined by the court, but respondent was never provided an opportunity to examine them. Upon the adjourned date, the court made the following recital and decision: " On all the evidence presented, Mr. Mosco, on April 11, 1968, and also after examination of the report from the Department, at which time I was absolutely positive there was a child in existence, I am satisfied that your client is the father of this child, and I do so find."

While petitioner's attorney has conceded the lack of authority for the court to predicate its decision upon these records, he

urges the existence of sufficient other evidence to support the finding of paternity. As we have already pointed out, the record reveals no basis for such a finding and, therefore, while not necessarily determinative of the issue, we feel constrained to write at this length to clearly point out that the use of these records in this fashion is without any legal support and is violative of well-founded evidentiary rules. We have previously made clear that such procedure constitutes reversible error in *Matter of Dulay* (24 A D 2d 208) wherein we followed the well-established rule condemning such practice laid down in *Kesseler* v. *Kesseler* (10 N Y 2d 445). (See, also, *Matter of Fellows* v. *Fellows,* 25 A D 2d 865; *Knapp* v. *Knapp,* 21 A D 2d 761.)

The order appealed from should be reversed on the law and facts, and the petition dismissed, without costs.

GOLDMAN, P. J., WITMER, MOULE and HENRY, JJ., concur.

Order unanimously reversed on the law and facts and petition dismissed, without costs.