■ DOROTHY ROTH, Appellant, v. ROBERT MELZER, Respondent.— In this paternity proceeding, by order of the Family Court dated March 11, 1969, the Trial Judge has dismissed the petition because of an inability, as set forth in the court's opinion, to form a genuine belief that the respondent, and no other person, is the father of the child in question, the court also found the proof to be insufficient to create such a belief by "clear, convincing and entirely satisfactory evidence". This dismissal we affirm, without costs or disbursements. We share any appellate court's natural reluctance to upset a finding by the trier of the facts in a filiation matter. (*People* v. *Arcieri*, 8 A D 2d 923.) This is singularly true in proceedings of this character when the real truth usually is known only to the parties themselves; then, even more than in the ordinary case, the resolution of the factual issues must be left peculiarly within the competence of the Trial Judge, who has the irreplaceable advantage of studying the witnesses as they testify. (*Matter of Giacoman* v. *Boer*, 21 A D 2d 873.) In this case, the Trial Judge clearly could not overcome his difficulty in respect of believing the petitioner. This we can understand. The petitioner was no ingenue. At the time of the events she was over 29 years of age, she is now 33; and it would appear, she and not the respondent, was the aggressor. She sought him out. He neither wined nor dined her. He professed no romantic interest in her at all. His interest, it would appear, was purely clinical, and confined to two encounters in the year 1963, two in 1964, none in 1965, and in the year 1966, one according to him, nine months before nativity, and two, according to her, at her instigation. And she went home alone. On discovery of her predicament, she merely telephoned him, and neither saw the other again. Such casualness was strange conduct for a mature woman validly asserting a claim of fatherhood against a respondent who denies responsibility. On this record, actually there is only one crucial issue, whether one act in the year 1966 was within the period of possible pregnancy. Absent any corroborative evidence, a bare question of credibility remained, best left to the trial court. We cannot say the Trial Judge was incorrect in not being convinced that a filiation order could be supported by convincing and satisfactory evidence. Accordingly, we affirm. True, there was a peripheral error in the court's opinion when the court stated the petitioner admitted to certain other acts of intercourse. A reading of the record clearly indicates the court was superficially confused by her testimony concerning an interest she had in another gentleman whom she was "seeing very much of" for a year and a half. By the record, she saw him regularly, "about a couple of times a month", and there is an admission of intercourse. The misapprehension of the court in this single respect is not inconsistent with the court's finding, and hardly in and of itself warrants a new trial. Concur — McGivern, J. P., Markewich and Steuer, JJ.; McNally, J., dissents in the following memorandum: I vote to reverse and order a new trial on the ground it is conceded a finding of fact set forth in the decision is erroneous. The finding is as follows: "she [Petitioner] admitted to having sexual intercourse with a boy friend prior to November 1962, on an average of twice monthly". The record shows the petitioner dated another man about two or three times a month for about a year and one half in

1961 and 1962. While petitioner admitted she had engaged in sexual intercourse with that man, there was not testimony that it occurred more than once or twice. Based on this erroneous finding, the court, while stating the petitioner's testimony was very clear and direct, found it difficult to believe that she had no intercourse with others between 1963 and 1966. In view of the fact that the uncontradicted testimony shows the petitioner had no sexual intercourse with any person other than respondent during the period in question, the case being a close one, such an erroneous finding, affecting the credibility of the petitioner, in my opinion, was prejudicial and warrants a new trial.