■ In the Matter of WILLIAM S. HAWTHORNE, as Deputy Commissioner of Social Services of the County of Erie, Respondent, v. WILLIAM DE BOTH, Appellant.— Order unanimously reversed on the law and facts, with costs, and new trial granted. Memorandum: The appellant appeals from an order of filiation of the Erie County Family Court adjudging him to be the father of petitioner's child. At the trial petitioner testified that she became pregnant in August, 1968 and that her full-term baby was born on May 5, 1969. At

the time of conception and birth petitioner was married. She stated that she had been married in August, 1966 but separated from her husband in October, 1966. She gave birth to a child of this marriage in July, 1967 and only saw her husband for a month or so thereafter when he visited his child. The husband continues to be a resident of the same community as petitioner. At the time of conception in August, 1968 and the birth in May, 1969 petitioner was still married. She obtained a divorce on August 15, 1969 in Erie County on the grounds of abandonment. The petitioner testified that appellant was the only man she was seeing in August, 1968 and that she had intercourse with him until the sixth or seventh month of her pregnancy. This was the extent of her proof. The appellant was not represented by counsel. He testified, however, and candidly admitted having relations with petitioner until April, 1968. He also stated that petitioner came to his house after June, 1968 and was there on occasion when he got home and that he would then take her home; and, finally, he admitted bringing petitioner and her baby home from the hospital. He stated that he felt sorry for her. He claimed that he was going with a girl in July and August, 1968 whom he subsequently married. We conclude that upon this record there must be a new trial. The evidentiary test in a filiation proceeding is that the proof must be " entirely satisfactory " sufficient to create a genuine belief that appellant is the father of petitioner's child. The belief must be supported by " clear and convincing " evidence. We find the evidence in the present case less than satisfactory. Here we have a valid marriage existing at the time of conception and birth. The presumption of legitimacy is " one of the strongest and most persuasive known to the law " (*Matter of Findlay*, 253 N. Y. 1, 7) and still obtains even though the petitioner was not living with her husband (*Commissioner of Public Welfare* v. *Koehler*, 284 N. Y. 260). Because of that presumption, the burden cast on petitioner is substantial. The proof with respect to access must be clearly and convincingly negated by the wife, absent evidence of barriers to access arising from the husband's residence at some improbable distance from the wife (*Matter of Gray* v. *Rose*, 32 A. D 2d 994, 995). Petitioner's testimony was not corroborated nor was any other witness produced by her. The record contains no finding with respect to the proof before the trial court and thus fails to disclose the basis upon which it based its order. Filiation proceedings require adequate findings (Family Ct. Act, § 165; CPLR 4213, subd. [b]) because of the nature of the factors peculiar to this kind of a proceeding (*Matter of Hawthorne* v. *Edward S.*, 31 A D 2d 426, 428). In that connection, charges of this character are easy to assert and equally difficult to disprove (*Burke* v. *Burpo*, 75 Hun 568) even with the aid of counsel — but next to impossible without such aid. In our view, justice will be better served for petitioner and appellant by a new trial where petitioner may present corroboration both with regard to nonaccess by her husband and that she was with respondent near the time of conception; and where appellant may defend this charge with the assistance of counsel, if he is so advised. (Appeal from order of Erie County Family Court in filiation proceeding.) Present — Goldman, P. J., Del Vecchio, Moule, Cardamone and Simons, JJ.