## (October 31, 1975)

■ In the Matter of DAUNT I. STENZEL, as Commissioner of Public Welfare of the County of Niagara, Respondent, v GERALD WILLIAM BENNETT, Appellant.—Order unanimously reversed, on the law and facts, without costs, and petition dismissed. Memorandum: This is a filiation proceeding in which the defendant has been adjudged the father of complainant's illegitimate child. While defendant admits intercourse with petitioner on numerous occasions, he gives a fairly creditable explanation as to lack of contact during the crucial period of time relative to this pregnancy. This, combined with the testimony of petitioner's landlord relative to the number of men seen going in and out of her apartment, and on one occasion seeing a man in bed with her, at or about the time of conception, leaves us with a record that is far from satisfactory as to paternity of the child. In *Matter of Rebmann v Muldoon* (23 AD2d 163, 164), the court stated: "It has long been recognized that a charge of this character is very simple to assert and equally difficult to negate *(Burke v Burpo,* 75 Hun 568). Consequently, an evidentiary rule has been evolved requiring 'entirely satisfactory evidence,' which means evidence sufficient to create a genuine belief that the defendant is the father of the child, a belief which is supported by more than a mere preponderance of the evidence, though not necessarily sufficient to overcome any reasonable doubt *(Commissioner of Public Welfare v Ryan,* 238 App Div 607; *Matter of Brown v Labus,* 19 AD2d 554). * * * In fact, where, as here, complainant's relationships with other men are established, the virtual impossibility of direct contradiction of paternity requires very careful scrutiny of the testimony *(Drummond v Dolan,* 155 App Div 449)." (See, also, *Matter of Hawthorne v De Both,* 42 AD2d 827; *Matter of Hawthorne v Edward S.,* 31 AD2d 426; *Erie County Bd. of Social Welfare v Holiday,* 14 AD2d 832; *Commissioner of Welfare v Rose,* 283 App Div 781.) The order is reversed and the petition dismissed. (Appeal from order of Niagara County Family Court in paternity proceeding.) Present—Marsh, P. J., Mahoney, Goldman, Del Vecchio and Witmer, JJ.