■ JEANETTE TAYLOR, Respondent, v BENNIE HORTON, Appellant.—Order unanimously reversed, on the law and facts, without costs, and petition dismissed. Memorandum: This is a filiation proceeding in which appellant has been adjudged the father of petitioner's illegitimate child. The trial of the issues took place approximately eight years subsequent to the birth of the child despite the efforts of appellant's counsel to have the charges dismissed because of failure of prosecution. The order must rest, if at all, upon the uncorroborated testimony of the petitioner which was often contradictory and of a character such as to negate belief in its authenticity. A brief résumé of some of the testimony illustrates the contradictory evidence adduced on the petitioner's behalf. The petitioner admitted first attempting intercourse at the age of 12 or 13 years of age; that she was keeping company with one Sanders in August of 1963 and she saw him continually until January of 1964. She filed the paternity petition two months after the death of Sanders in February of 1964. In petitioner's original bill of particulars she stated that she informed respondent of her pregnant condition some two or three months before the birth of the child on July 9, 1964. In her second bill of particulars she stated that she first informed respondent of her condition early in November of 1963. On her own direct examination petitioner stated in substance that she had intimate relations with respondent three or four times from October, 1963 to January, 1964, and that she had had relations with respondent at his home, although subsequent testimony thoroughly indicated that this was very improbable. She also claimed that the respondent had taken her to a doctor on Hyde Park Boulevard, although this doctor was not sworn and the visit was denied by the respondent. While she denied intercourse with anyone other than respondent during the normal time of gestation, she further testified that she had had relations with one, Holloman, in May of 1963 and that she had written to him while he was in the service and told him of her pregnancy. With Sanders dead and Holloman incompetent to testify because of his mental condition, it can be readily seen that contradictions in the pleadings and in petitioner's testimony are of such a character as to be untrustworthy. In *Matter of Rebmann v Muldoon* (23 AD2d 163, 164) it was stated: "It has long been recognized that a charge of this character is very simple to assert and equally difficult to negate *(Burke v Burpo,* 75 Hun 568). Consequently, an evidentiary rule has been evolved requiring 'entirely satisfactory evidence,' which means evidence sufficient to create a genuine belief that the defendant is the father of the child, a belief which is supported by more than a mere preponderance of the evidence, though not necessarily sufficient to overcome any reasonable doubt *(Commissioner of Public Welfare [McNamee] v Ryan,* 238 App Div 607; *Matter of Brown v Labus,* 19 AD2d 554). * * * Furthermore, her testimony as to the time when, the occasion and the circumstances of her accusation that the defendant was the father of her child is so peculiar that it becomes suspect. As the testimony adduced did not measure up to the required standard, the proceeding should have been dismissed *(Commissioner of Public Welfare of City of N. Y. v Kotel,* 256 App Div 352)." While we are normally reluctant to substitute our judgment for that of the trial court, the evidence adduced in this proceeding is suspicious, if not incredible, and it fails to meet the test of being entirely satisfactory to establish paternity *(Matter of Hawthorne v De Both,* 42 AD2d 827; *Matter of Hawthorne v Edward S.,* 31 AD2d 426). The trial court failed to make adequate findings of fact as mandated in section

165 of the Family Court Act and CPLR 4213 (subd [b]). This court in *Augustine v Tandle* (47 AD2d 710) stated: "While the statutory requirement does not mean that the court need set forth the evidentiary facts contained in the record, it should set forth those ultimate or essential facts relied upon in reaching its decision." However, it is our belief that the record contains no facts on which a finding of paternity against the respondent could be found. (See *Matter of Hawthorne v Edward S., supra.)* The order should be reversed and the petition dismissed. (Appeal from order of Niagara County Family Court in paternity proceeding.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.