■ In the Matter of JAMES J. PICCOLA, as First Deputy Commissioner of Social Services of Oneida County, Respondent, v MARK HIBBARD, Appellant.—Order unanimously reversed, with costs, and petition dismissed. Memorandum: The respondent, in a proceeding to establish paternity of a child claimed to have been born to petitioner on January 1, 1974, appeals from an order of the Family Court which adjudged him to be the father. The proceeding is brought in petitioner's name by the Deputy Commissioner of Social Services since she was a recipient of financial assistance from the Welfare Department of the County. According to the petitioner, conception occurred after one act of intercourse which took place in a period of time ranging from 15 minutes to one hour, the time being established by witnesses called by the petitioner- respondent, all of whom were related to petitioner. There was no further contact between the parties and at no time did petitioner notify the appellant that she was pregnant or that she had given birth to a child. The failure to notify the appellant did not result from ignorance of his whereabouts, since petitioner knew of his residence and was also aware that he had a telephone. One of petitioner's brothers stated that petitioner had been out with one Carl Tyo prior to the alleged act of intercourse with the appellant, although petitioner steadfastly maintained that she was with him *after* she had been with respondent-appellant. Respondent denied ever having intercourse with her. In *Matter of Hawthorne v Edward S.* (31 AD2d 426, 427–428) this court stated: "Charges of this character are easy to assert and equally difficult to disprove *(Matter of Rebmann v. Muldoon,* 23 A D 2d 163; *Burke v. Burpo,* 75 Hun 568) and, as a consequence, an evidentiary rule has been evolved requiring 'entirely satisfactory evidence', which means evidence sufficient to create a genuine belief that the respondent is the father of the child, a belief which is supported by more than a mere preponderance of the evidence, though not necessarily sufficient to overcome any reasonable doubt [citations omitted]. We find the evidence less than satisfactory and, certainly, completely insufficient to sustain the allegations made against respondent." In *W v D* (37 AD2d 904), we stated: "The proof offered by petitioner to meet her burden of proof in this filiation case failed to meet the standard required in a proceeding of this nature. In view of the difficulty in meeting a charge of paternity, the proof in support of the claim must be clear, convincing and entirely satisfactory, so that a finding against the respondent is supported by more

than a mere preponderance of the evidence. [Citation omitted.]" The record in this case is not clear, convincing or entirely satisfactory. (Appeal from order of Oneida County Family Court in paternity proceeding.) Present—Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.