■ In the Matter of REENEY KERWIN, Appellant, v WILLIAM COLLINS, Respondent.—Order, Family Court, New York County, entered on May 28, 1975, dismissing the paternity petition herein, unanimously affirmed, with-

out costs and without disbursements. Petitioner's lack of knowledge concerning several aspects of respondent's personal appearance and habits was totally inconsistent with her claim of prolonged intimacy and this factor and her failure to disclose, in two bills of particulars and on direct examination, that she had sexual relations with a (second) man in 1970, allegedly because she "forgot about it" seriously damaged her credibility. "In proceedings of this character [paternity proceedings] when the real truth usually is known only to the parties themselves; then, even more than in the ordinary case, the resolution of the factual issues must be left peculiarly within the competence of the Trial Judge, who has the irreplaceable advantage of studying the witnesses as they testify" *(Roth v Melzer,* 34 AD2d 751). The evidence in this record is not "entirely satisfactory" and we cannot say that the Trial Judge was incorrect in not being genuinely convinced that respondent was the father of the child *(Commissioner of Public Welfare of City of N.Y. [McNamee] v Ryan,* 238 App Div 607, 608; *Matter of Rebmann v Muldoon,* 23 AD2d 163; *Matter of Commissioner of Welfare of City of N.Y. v Fields,* 25 AD2d 504). Concur—Kupferman, J. P., Silverman, Capozzoli, Lane and Nunez, JJ.