■  In the Matter of LORRAINE HANLEY, as Deputy Commissioner of the Oneida County Department of Social Services, Respondent, v LARRY WILCOX, Appellant.—Order unanimously reversed, without costs, and petition dismissed. Memorandum: Paternity must be established by evidence that is "clear, convincing and entirely satisfactory", something more than a mere preponderance of the evidence (Matter of Piccola v Hibbard, 51 AD2d 674; Matter of Hawthorne v De Both 42 AD2d 827). In the case of a child born to a married woman, the law presumes the child is legitimate and petitioner must prove nonaccess by the husband during the period of conception (Matter of Hawthorne v De Both, supra; Matter of Gray v Rose 30 AD2d 138). The evidence in the present record does not meet these standards of proof. (Appeal from order of Oneida County Family Court—paternity.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■  JOSEPH KRAFT, JR., Respondent-Appellant, v CARBORUNDUM COMPANY et al., Appellants-Respondents. (Action No. 1.) CARBORUNDUM COMPANY, Third-Party Plaintiff-Appellant-Respondent, v ALLEGHENY LUDLUM STEEL CORPORATION, Third-Party Defendant-Respondent-Appellant. (Action No. 2.)—Judgment and order unanimously affirmed, with costs to plaintiff. Memorandum: These are appeals from a judgment after a jury trial, which granted plaintiff, Joseph Kraft, the sum of $325,000 plus interest and costs on his cause of action for negligence against Carborundum Company and which granted Carborundum a 40% indemnification on its third-party action against Allegheny Ludlum Steel Corporation (Allegheny). While engaged in his duties as an employee of Allegheny, plaintiff was using a grinding wheel manufactured by Carborundum in conjunction with a pneumatic power grinder manufactured by Black and Decker. The grinding wheel exploded and caused plaintiff severe injury resulting in six operations on his left leg before the leg was ultimately amputated. From the date of the accident until the trial plaintiff suffered special damages of $69,727.34. In addition, plaintiff's average earnings from the date of the accident until the trial would have exceeded $8,700 per year. For the year immediately preceding the trial, there is testimony that, but for the accident, plaintiff would have earned $11,932 exclusive of overtime. The present value of his lost income for 17.2 years added to his speical damages of nearly $70,000 together with an award for pain and suffering included in the $325,000 verdict was not so excessive as to shock our conscience (Richards v South Buffalo Ry. Co., 54 AD2d 310; Mallo v Pempleton, 38 AD2d 874; Rice v Ninacs, 34 AD2d 388). There was sufficient evidence for the jury to find Allegheny liable to Carborundum in the third-party indemnification action because of Allegheny's failure to provide reasonable inspection of the tools and equipment used by its employees. Finally, the trial court correctly held inadmissable certain evidence offered by Allegheny's manager of the billet grinding department to show that the grinding stones supplied by Carborundum were oversized. Allegheny's employee was unable to connect the stones he inspected with the stone that was used on the wheel and, therefore, did not satisfy its burden of establishing the preliminary facts requisite to the admissibility of the evidence for the purpose for which it was offered (Fisch, New York Evidence, § 22). (Appeal from judgment and order of Chautauqua Supreme Court—negligence-breach of warranty.) Present—Marsh, P. J., Cardamone, Simons and Goldman, JJ.