■ KAREN M. PHILLIPS, Respondent, v CLAUDE A. BROADWELL, SR., Appellant. (Appeal No. 1.)—Order unanimously reversed, with costs, and petition dismissed. Memorandum: As we have had occasion to say in a proceeding to establish paternity and support of a child "Charges of this character are easy to assert and equally difficult to disprove" *(Matter of*

*Hawthorne v Edward S.,* 31 AD2d 426, 427; *Burke v Burpo,* 75 Hun 568). The standard to which the proof must rise in a filiation proceeding is that it be "entirely satisfactory", sufficient to create a genuine belief that appellant is the father of petitioner's child. That belief must be supported from evidence which is found to be "clear and convincing". Measured by this standard, the proof in the instant case is not clear and convincing and falls short of being "entirely satisfactory". Appellant steadfastly denied being the father of petitioner's child. Petitioner conceded an on-going relationship with another man. She admitted that during the fall of 1968 this other man visited her at her residence and sent her flowers on a number of occasions. She also admitted going from Oswego, New York, to the Syracuse Airport to meet him. Other witnesses testified that this same man offered during the fall of 1968 to pay one year's rent for petitioner and that on the trip to the Syracuse Airport petitioner was left there and returned to her residence late the following evening accompanied by this same male. One witness testified that she observed petitioner dancing at a tavern and leaving the premises in the company of other men. Clear evidence of the relationship between petitioner and this other man was furnished by a disinterested registered nurse. She testified that while in the bedroom shared by petitioner and appellant's daughter, she came upon a gynecologist's receipt dated October 16, 1968 made out to this man in the amount of $17. This witness also found some pills and vaginal cream dated the same day as the receipt. Such bespeaks an intimacy of relationship between petitioner and this man. Where, as here, a relationship with another man is established as ongoing both before and during the period of conception, the proof before the trier of fact must be carefully scrutinized because of the virtual impossibility of directly disproving paternity *(Matter of Stenzel v Bennett,* 49 AD2d 1017; *Matter of Rebmann v Muldoon,* 23 AD2d 163, 164; see *Matter of Piccola v Hibbard,* 51 AD2d 674, affd 40 NY2d 1035). While much weight is given to the trial court's determination, the evidence adduced in this case casts doubt on appellant's paternity and fails to meet the required standard of proof. We conclude, therefore, that the determination must be reversed *(Taylor v Horton,* 49 AD2d 1030; *Matter of Hawthorne v De Both,* 42 AD2d 827). (Appeal from order of Oswego Family Court—paternity.) Present— Moule, J. P., Cardamone, Simons, Dillon and Denman, JJ.