■ In the Matter of ANNA K. THOMSON and Another.—Order unanimously reversed, with costs, and petition dismissed. Memorandum: In a proceeding brought pursuant to article 6 of the Family Court Act upon two separate petitions of a child protective caseworker of the Chautauqua County Department of Social Services, Family Court entered an order directing appellants to comply with section 2500-a of the Public Health Law by permitting certain tests to be performed upon two of their infant children who were born in appellants' home. The order further directed that failure of appellants to comply with the order would result in custody of the two children being placed with the Chautauqua County Department of Social Services. In making its disposition, Family Court exceeded its authority. The jurisdiction of Family Court is limited to certain well-defined classes of actions and proceedings to be originated in the court in the manner provided by law (NY Const, art VI, § 13, subds b, c). A proceeding to enforce the Public Health Law is not one of the constitutionally authorized classes of actions. Enforcement of the Public Health Law is the duty of the State Commissioner of Health (Public Health Law, § 206, subd 1, par [f]). A violation of the Public Health Law can subject a person to a civil penalty not to exceed $1,000 and under certain circumstances might constitute a penal violation (Public Health Law, § 12). Loss of custody of one's children is not a recognized penalty for a violation of the law. If compliance with the Public Health Law is sought collaterally through a claim that noncompliance indicates that the children are thereby neglected, the proceedings in this case are jurisdictionally improper since article 6 of the Family Court Act is directed toward a permanent change in custody of children who are permanently neglected (Family Ct Act, § 612). The petitions in this case contain no allegation of neglect against appellants nor does the dispositional order contain any finding of neglect (Family Ct Act, § 1051). (Appeal from order of Chautauqua County Family Court—neglect.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.