OPINION OF THE COURT
 

 Memorandum.
 

 The appeal by Patricia Byrne, taken as of right, should be dismissed, without costs, upon the ground that the order of the Appellate Division does not finally determine the proceeding within the meaning of the Constitution. (CPLR 5601, subd [a].)
 

 On the appeal by Robert Pfeiffer, the order of the Appellate Division, insofar as appealed from, should be affirmed, without costs, and the question certified answered in the affirmative.
 

 The Family Court has the discretionary power to award counsel fees to the attorney for the mother in a filiation proceeding once an order of filiation is made (Family Ct Act, § 536), including an award for counsel fees incurred upon a motion seeking support on behalf of a child made
 
 *1023
 
 within that proceeding. Since an order of filiation was made, the Family Court was statutorily empowered to make an award of counsel fees so long as it did not abuse its discretion in doing so. We cannot say, as a matter of law, that the Family Court abused its discretion in awarding counsel fees for legal services rendered to Patricia Byrne in connection with the filiation and child support aspects of the proceeding in issue. The fact that Patricia Byrne had absconded with the child does not, in and of itself, make such award an abuse of discretion as a matter of law.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 On appeal by Patricia Byrne: Appeal taken as of right dismissed, without costs.
 

 On appeal by Robert Pfeiffer: Order, insofar as appealed from, affirmed, without costs. Question certified answered in the affirmative.