■ In the Matter of St. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of ROSE BB., Respondent, v STEVE CC., Appellant. — Appeal from an order of the Family Court of St. Lawrence County (Follett, J.), entered January 29, 1982, which adjudicated respondent to be the father of petitioner Rose BB.'s child. During the course of this paternity proceeding, petitioner attempted to submit the results of a human leukocyte antigen (HLA) test taken of respondent, Rose BB., mother of Anthony BB., and Anthony BB., into evidence, without any foundation or the certification required by CPLR 4518 (subd [a]). Respondent objected on the ground that there was an insufficient foundation laid. After initially sustaining the objection due to the absence of appropriate certification, the court subsequently ruled the results admissible observing that according to case law, "it could come into evidence * * * upon certification as a business record if someone were to come * * * [and] testify to that effect". Following the reception of the testimony of three witnesses — Rose BB., Keith Wells and respondent, the court dismissed the petition because the case did not meet "the degree of proof that is required by law". The Family Court Judge also stated that he did not believe the testimony of either Rose BB. or respondent. However, in a later written decision, the Judge reversed himself, stating that he failed to consider the HLA test at all in his initial decision from the Bench and made a finding of paternity. An order of filiation was entered and this appeal followed. There must be a reversal. The Family Court improperly admitted the HLA blood test results into evidence. Absent the HLA blood test, there was insufficient proof presented to warrant a finding of paternity. An amendment to section 532 of the Family Court Act, effective March 2, 1981, authorized the receipt into evidence of the results of an HLA blood test as affirmative proof of paternity except if an exclusion has already been established. The Legislature, however, failed to provide the manner in which the HLA test results should be admitted into evidence. The courts have had difficulty in resolving this procedural issue whenever an objection based on hearsay has been raised during proceedings (see *Matter of Rosemary W. v Bruce A.,* 113 Misc 2d 745; *Matter of Carmen I. v Robert K.,* 110 Misc 2d 310). The Legislature, in apparent response to these trial court decisions, again amended subdivision (b) of section 532 of the Family Court Act, effective July 22, 1982, to provide that the HLA blood tests are admissible as long as the offering party complies with the procedures set out in CPLR 4518 (L 1982, ch 695, § 2). A legislative memorandum in support of this change considers the HLA blood test prima facie evidence "if such results and reports are certified or authenticated by the Director or other designated employee of the laboratory that performed the tests, whether or not the laboratory is part of a hospital" (Memorandum of Legislative Representative of City of New York, 1982 McKinney's Session Laws, p 2547). The omission of any reference to judicial notice, which the court utilized in *Matter of Carmen I. v Robert K. (supra),* while at the same time dealing with the distinction between a laboratory and a hospital raised in that case, indicates that the Legislature intended to permit only those procedures outlined in CPLR 4518 to be available when admitting such tests into evidence. In the case at bar, petitioner failed to produce a witness who could testify with personal knowledge that the HLA test report

was made in the regular course of business of the laboratory and that it was the regular course of business of the laboratory to keep such records. Such testimony would provide the necessary foundation required under CPLR 4518 (subd [a]) to admit the test results (see *Sabatino v Turf House,* 76 AD2d 945, 946). Admission under CPLR 4518 (subd [c]) is unavailable because nowhere in this record is there a reference to any certification or authentication. And, while a court may take judicial notice of the scientific facts and principles involved in the testing process, it was improper for Family Court to take judicial notice of the HLA test results herein. The test results were neither facts of common knowledge nor determinable "by sources of undisputable accuracy" (see Richardson, Evidence [10th ed], § 9, p 6). Absent admission of the HLA test results, the evidence was insufficient to sustain the court's finding of paternity. In a paternity proceeding, the petitioner is required to establish paternity to the point of entire satisfaction by clear and convincing evidence (*Matter of Lopez v Sanchez,* 34 NY2d 662; *Matter of Morris v Terry K.,* 60 AD2d 728, 729, revd on other grounds 70 AD2d 1031). Review of the record herein reveals that the proof, outside of the HLA test results, fell somewhat short of meeting the clear and convincing evidence standard. Many inconsistencies were present in the testimony of Rose BB. and her recitation of facts and events conflicted with that given by respondent and a witness produced on his behalf, Keith Wells. Order reversed, on the law and the facts, without costs, and a new trial ordered. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.