■ In the Matter of JANE PP., Respondent, v PAUL QQ., Appellant. — Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered May 11, 1983, which directed respondent to pay $60 per week for the support of his infant child, $1,450 in support arrears and $750 for petitioner's counsel fees. ¶ Preliminarily, we note that the permanent order of support filed May 11, 1983, from which respondent appeals, did not incorporate the filiation order entered on January 12, 1983. Having failed to file a timely notice of appeal from the filiation order (see Family Ct Act, § 1113), respondent is collaterally estopped from obtaining review of the finding of paternity by way of the instant appeal. ¶ In reaching this conclusion, we are not unmindful that the Appellate Division, Second Department, has determined that an order of filiation is not an order of disposition (see Family Ct Act, § 1112) and is reviewable on appeal from an order of support (see *Matter of Karen K. v Christopher D.*, 86 AD2d 633; *Matter of Susan W. v Amhad Q.*, 65 AD2d 594, mot for lv to app den 46 NY2d 1037). In our view, such a theory ignores the recent trend of legal development away from the view that Family Court's paternity jurisdiction is solely a vehicle to identify persons liable for the support of children born out of wedlock and not to decide parental status. Notably, in 1976 the Family Court Act was amended to give putative fathers the right to initiate paternity proceedings. We and other courts have recognized that paternity proceedings cannot now be viewed simply as incidental to an application for support (see *Matter of Sharon GG. v Duane HH.*, 95 AD2d 466; *Matter of Leromain v Venduro*, 95 AD2d 80; *Matter of Kordek v Wood*, 90 AD2d 209). To hold otherwise would render totally uncertain when an appeal

must be commenced in a case where an order of filiation has been made without any accompanying order fixing support. ¶ The only remaining issue is whether Family Court abused its discretion in awarding counsel fees to petitioner (see *Pfeiffer v Byrne,* 74 AD2d 791, affd 53 NY2d 1021). We think not. Petitioner made specific application for counsel fees after the granting of the filiation order (Family Ct Act, § 536; *Matter of John J. S. v Theresa L.,* 99 Misc 2d 578, 582) and adequately established her inability to pay counsel fees (see *Badenhop v Badenhop,* 84 AD2d 773). A review of the parties' financial affidavits and testimony confirms a disparity in income justifying the award. ¶ Order affirmed, without costs. Main, Weiss and Levine, JJ., concur.

Mahoney, P. J., and Casey, J., concur in the following memorandum by Casey, J. Casey, J. (concurring). In our view, the appeal from the permanent order of support brings up for review the filiation order, which serves as the sole basis for imposing the support obligation upon respondent. The majority bases its contrary view largely upon the recent trend toward expanding Family Court's paternity jurisdiction beyond the realm of support proceedings. The fact remains, however, that we are not confronted with such a case of expanded jurisdiction here. Rather, the sole purpose for the paternity proceeding brought on by petitioner was to establish the basis for imposing the obligation of support upon respondent. The petitions for an order of filiation and for an order of support were filed simultaneously, and the petition for support specifically refers to the paternity petition. The order of filiation and an order of temporary support were entered simultaneously. The amended permanent order of support specifically refers to the order of filiation, which serves as the sole basis for imposing the obligation of support upon respondent. That the support order does not expressly incorporate the order of filiation is a technicality which should not serve to deprive respondent of the opportunity to obtain complete judicial review of the support order, including the foundation upon which the support obligation rests. The requirement that a respondent in a filiation/support proceeding* take an immediate appeal from an order of filiation while the issue of support is still pending or forever waive his right to judicial review of the finding of paternity is inconsistent with the restrictive appeal procedure of the Family Court Act, which generally provides for appeals only upon conclusion of the proceedings (see Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Part I, Family Ct Act, § 1112, pp 483-488). ¶ Accordingly, we would reach the merits of respondent's challenge to the paternity finding, but upon so doing we would reject respondent's challenge since the finding is supported by clear and convincing proof. We concur, therefore, in the affirmance of the permanent order of support.

---

* Although petitioner filed a separate petition for support, purportedly pursuant to article 4 of the Family Court Act, a separate proceeding for support was superfluous since Family Court's jurisdiction over paternity proceedings included the authority to order support (Family Ct Act, § 511). Indeed, upon making an order of filiation, the court is required to direct parents of sufficient means to make support payments (Family Ct Act, § 545).