(February 28, 1985)

■ In the Matter of JANE PP., Respondent, v PAUL QQ., Appellant. — Weiss, J. Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered May 11, 1983, which directed respondent to pay $60 per week for the support of his infant child, $1,450 in support arrears and $750 for petitioner's counsel fees.

In our initial disposition of this filiation proceeding, we determined that since respondent failed to file a timely notice of appeal from the filiation order, he was collaterally estopped from challenging the paternity finding by way of appeal from the subsequent support order (100 AD2d 639). The Court of Appeals subsequently reversed that determination (64 NY2d 15) and remitted the case to this court for consideration of the paternity issue. Accordingly, we turn to the merits and, in so doing, conclude that the record provides clear and convincing support for the paternity finding.

Initially, we note that Family Court improperly admitted the results of a human leukocyte antigen (HLA) blood test into evidence, since petitioner neither produced a witness who could testify with personal knowledge that the HLA test was prepared and kept in the regular course of business of the hospital (CPLR 4518 [a]), nor is there any reference in the record to any certification or authentication (CPLR 4518 [c]; *Matter of St. Lawrence County Dept. of Social Servs. v Steve CC.*, 92 AD2d 1038).

Nonetheless, even without the admission of the blood test results, petitioner sustained her burden of establishing paternity (*see, Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141-142). Petitioner testified that her last menstrual period, prior to the birth of her child, was on June 23, 1981. Thereafter, she had sexual relations with respondent on July 13, 1981, as a result of which she alleges that she became pregnant and a baby was born on March 12, 1982. Although we recognize that the paternity petition alleged sexual intercourse with respondent "on one occasion * * * on or about the 13th day of July", as opposed to petitioner's testimony that she and respondent engaged in sexual intercourse "[t]hree or four times during the night of July 13, 1981", we discern no undue prejudice to respondent. Certainly, the language of the petition can be interpreted to mean more than one act of sexual intercourse occurred on the "one occasion" and, in any event, respondent was properly given notice of the time period involved.

Petitioner further conceded having sexual intercourse with another individual on the evening of July 12, 1981, but stated that a form of birth control was utilized. She stated that she engaged in no other sexual activity either two months before or after the July 13, 1981 incident. Respondent, although present in court with counsel, did not testify on the paternity issue (*cf. Matter of St. Lawrence County Dept. of Social Servs. v Steve CC., supra* [petitioner's testimony replete with inconsistencies and respondent both testified and produced a witness]).

These circumstances prevailing, the trier of fact was authorized to draw the strongest inference possible from petitioner's evidence against respondent (*Matter of Commissioner of Social Servs. v Philip De G., supra,* pp 141-142; *Matter of Van Alstyne v David Q.,* 92 AD2d 971; *Matter of O'Connor v Sanford,* 72 AD2d 884). The trial evidence presented questions of credibility for Family Court, which had the advantage of seeing and hearing the witness firsthand (*Matter of Gail O. v Van Randolph P.,* 60 AD2d 944), and there is nothing in this record to demonstrate that the court improperly assessed petitioner's credibility (*see, Matter of Denise UU. v Frank VV.,* 87 AD2d 686, 687). After careful review of this entire record, we hold that the order should be affirmed.

Order affirmed, without costs. Mahoney, P. J., Main, Casey, Weiss, and Levine, JJ., concur.