■ In the Matter of MICHAEL J. BUSH, as Commissioner of Herkimer County Department of Social Services, on Behalf of CYNTHIA BURNS, et al., Respondents, v DOMINICK PURPURA, Appellant.—Order unanimously reversed, on the law, without costs, and petition dismissed. Memorandum: The issue presented is whether petitioner established respondent's paternity. Cynthia Burns first met respondent in October 1981, began living with him in November 1981, and engaged in sexual intercourse with him until July 1982, when she moved out. She resumed sexual intercourse with respondent in October 1982. She testified that her last menstrual period was on May 5, 1983 and that she engaged in sexual intercourse with respondent in a motel on May 15 and May 22, 1983. Although she believed she became pregnant in May 1983, pregnancy tests performed in June were inconclusive and she did not learn she was actually pregnant until July 1983. When Cynthia informed respondent that she was pregnant, respondent denied paternity and stopped seeing her. Cynthia's projected due date was March 29, 1984. On January 31, 1984 an emergency caesarean section was performed and she gave birth prematurely to a 4-pound, 4½-ounce baby that is the subject of this proceeding. Following the birth, Cynthia never contacted respondent and respondent has not seen or financially supported the child.

No expert medical testimony was offered and there was no HLA blood test performed. The medical records estimate that the gestational age of the baby was 30 weeks by date of

delivery and 32 weeks by examination. The potential dates of conception were between June 22 and July 6, 1983, a period during which, by her own testimony, no sexual intercourse with respondent occurred.

We conclude that the proof is insufficient to satisfy petitioner's burden of establishing respondent's paternity by clear, convincing and entirely satisfactory evidence (see, Matter of Lopez v Sanchez, 34 NY2d 662, 663; Matter of Piccola v Hibbard, 51 AD2d 674, affd 40 NY2d 1035). Although Cynthia testified that she informed respondent of her pregnancy near the end of June or sometime in July 1983, she did not testify that she engaged in sexual relations with respondent during this time. She took a pregnancy test at the end of June 1983 which produced a negative result. On the record, petitioner has failed to establish that respondent is the father of the child (see, Matter of St. Lawrence County Dept. of Social Servs. v Steve CC., 92 AD2d 1038, 1039; Lauren KK v Daniel LL, 57 AD2d 658). (Appeal from order of Herkimer County Family Court, Bergin, J.—paternity.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.