■ In the Matter of ABWILDA V., Appellant, v THOMAS W., Respondent.—In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Queens County (Corrado, J.), dated February 13, 1985, which dismissed the petition.

Order affirmed, without costs or disbursements.

The parties to the instant action resided together for approximately seven years prior to the severance of their relationship in November or December of 1981. The respondent maintained that he did not have sexual relations with the petitioner between late 1981 and April 1982. The petitioner,

on the other hand, contended that she and the respondent continued to see one another after their breakup and continued to have sexual relations up to April 27, 1982, the date of conception.

Prior to trial, human leucocyte antigen (HLA) blood tissue tests were conducted of the parties and the subject infant. Dr. Leon Sussman, a licensed physician employed by the Lindsley F. Kimball Research Institute of the New York Blood Center, testified that the laboratory follows a routine normal procedure to guarantee the chain of custody and the identification of the blood specimens as they go through the laboratory. The report of the results of the HLA tests was introduced at trial as a record kept in the ordinary course of business. The tests revealed that there was no probability that a man of the respondent's blood tissue type could be the father of the subject infant.

Based upon the evidence adduced, the Family Court concluded that the scientific tests excluding the respondent as the father were reliable, that the respondent did not have intercourse with the petitioner during the crucial period of conception and that the petitioner failed to sustain the burden of proving her allegations by clear and convincing evidence. On appeal, the petitioner challenges the constitutionality of Family Court Act § 532 (a) and maintains the Family Court erred in admitting the results of the HLA test into evidence and relying thereon in dismissing the petition. We disagree.

There exists a well-founded presumption that a statute is constitutional and that presumption can be overcome only by proof persuasive beyond a reasonable doubt *(see, Hotel Dorset Co. v Trust for Cultural Resources,* 46 NY2d 358, 370). The petitioner has failed to proffer any such evidence in the instant case and her allegations of unconstitutionality are totally devoid of merit.

"It is beyond dispute that our courts have the power to direct a blood-grouping test in an action where the legitimacy of a child is in issue" *(Michaella M. M. v Abdel Monem El G.,* 98 AD2d 464, 466). Cognizance of the high degree of probative value of the HLA test with regard to issues of paternity and its scientific reliability has repeatedly been taken *(see, Matter of Department of Social Servs. v Thomas J. S.,* 100 AD2d 119, 124, *appeal dismissed* 63 NY2d 675). Far from being based upon arbitrarily assigned numerical probability values or some statistical theory unsupported by the weight of the evidence, HLA test interpretations are based upon objectively ascertainable data and a statistical theory based upon re-

search and experiment *(Matter of Department of Social Servs. v Thomas J. S., supra,* at pp 123-124, citing *Cramer v Morrison,* 88 Cal App 3d 873, 884, 153 Cal Rptr 865).

The Family Court properly considered the HLA test results in the instant case where a qualified expert testified with personal knowledge that the tests were prepared and kept in the regular course of business *(cf. Matter of Jane PP. v Paul QQ.,* 108 AD2d 1050, *revd on other grounds* 65 NY2d 994). Although Family Court Act § 532 does not accord HLA test results the status of definitive or conclusive proof of paternity *(Matter of Department of Social Servs. v Thomas J. S., supra,* at pp 124-125), the court as the trier of fact properly made its own assessment of the weight to be accorded the HLA evidence in arriving at its determination.

Inasmuch as the petitioner failed to sustain her burden of establishing the respondent's paternity by clear and convincing evidence *(see, Matter of Jane PP. v Paul QQ., supra,* at p 996; *Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141), the petition was properly dismissed. Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.