■ Denise McLeod, Respondent, v Rodney Akins, Appellant. (Appeal No. 1.)—Order of support unanimously vacated and order of paternity unanimously reversed on the law and petition dismissed without costs. Memorandum: Where the petition seeks both a declaration of paternity and an order of support, no appeal lies of right from an order of paternity which does not provide for support; therefore we dismiss the appeal taken from the order of paternity *(Matter of Niagara County Dept. of Social Servs. v Reichard,* 144 AD2d 966). We have considered the issues raised regarding the finding of

paternity on the appeal from the order of support *(see, Matter of Jane PP. v Paul QQ.,* 64 NY2d 15, *affd on remittal* 108 AD2d 1050, *revd and remitted for new hearing* 65 NY2d 994).

The medical evidence clearly established that the date of conception was March 4 or 5, 1985. Petitioner's testimony regarding the date of her first sexual contact with respondent, however, was equivocal at best, ranging from the last week in March to the second week in April. Her sworn petition did not allege any contact with respondent before April 1985. Under the circumstances, petitioner's proof of paternity was not "entirely satisfactory" or sufficient to create a genuine belief that respondent is the father *(Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141-142; *Matter of Piccola v Hibbard,* 51 AD2d 674, *affd* 40 NY2d 1035), and the court erred in concluding that proof of paternity was established by clear and convincing evidence. (Appeal from order of Onondaga County Family Court, McLaughlin, J.—child support.) Present—Doerr, J. P., Denman, Pine, Balio and Lawton, JJ.