OPINION OF THE COURT
William J. Davis, J.
The issue presented is one of first impression. It is solely an issue of law for the court. The court is required only to interpret statutes and analyze relevant case law.
May a wrongful death cause of action be interposed on behalf of an infant born after the death of the alleged father, where the only proof of paternity is a Family Court filiation order granted in a proceeding commenced after the death of the alleged father and before the commencement of this action?
The plaintiff maintains that the filiation order is the only proof she needs to sustain her burden on the issue of paternity. The defendants contend that the filiation order has no force or effect regarding the instant action and that the plaintiff must prove paternity by other proof.
The plaintiff Gloria Grivas (Grivas) is the mother of the decedent Olivieri Pena, also known as Frank Pena (Pena). She is the administratrix of the decedent’s estate. She also maintains that she is the grandmother of the infant, Franki Ann Pena. Lisa Friedman (Friedman) is the mother of Franki Ann. Friedman is not a party in this action — she was not married to Pena.
Pena died from a tragic fall from the piers of the Outer-Bridge Crossing, a bridge that provides access to and from Staten Island, New York, and Perth Amboy, New Jersey. At the time of his death, he was employed by the third-party defendant George Campbell Painting Corp. (Campbell), and was painting the subject bridge when he fell. Allegedly, Pena was but one week employed before his death.
Pena died on October 31, 1990, Friedman gave birth to Franki Ann in Los Alomitos, California, on or about February 13, 1991. On or about April 30, 1991, Grivas and Friedman appeared in Family Court, Queens County, and gave sworn testimony that Pena was the father of Friedman’s child. The Family Court adjudged and declared that the decedent was the father of Franki Ann Pena. In or about July 1991, this action was commenced against defendant Port Authority of New York and New Jersey, the owner of the bridge and piers *655 (PATH). In turn, PATH commenced a third-party action against Pena’s last employer, Campbell.
Plaintiff sues PATH for negligence, wrongful death and expenses incurred for the death and burial of the decedent. Defendant PATH has answered the complaint denying the material allegations and interposing, among other things, the affirmative defense that the second cause of action is without merit on the ground the infant is not the daughter of the decedent. There has been some discovery. PATH now moves, pursuant to CPLR 3212, for an order granting summary judgment dismissing the second cause of action. PATH’S suspicion is that the infant is not the daughter of the decedent, regardless of the order of filiation.
To succeed on a motion for summary judgment, "[t]he proponent of [the] * * * motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issue of fact from the case” (see, Zuckerman v City of New York, 49 NY2d 557, 562; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [citations omitted]). Moreover, the court should draw all inferences from the evidence favorable to the plaintiff, the party opposing the motion (Citibank v Dutka, 74 AD2d 520).
The defendant’s position* is that the plaintiff has not met her burden of establishing paternity by clear and convincing evidence and that the filiation order does not meet the standard because paternity was established in that proceeding by ex parte testimony of the plaintiff and the infant’s mother. Defendant also argues that the standard of proof required to prove paternity in Family Court does not meet the standard of proof required to establish legitimacy under EPTL 4-1.1 et seq.
The Family Court’s order was rendered pursuant to article 5 of the Family Court Act. Except as otherwise provided the Family Court has exclusive original jurisdiction in proceedings to establish paternity (Family Ct Act § 511). In fact, an order of filiation is a more appropriate remedy for controversies concerning determination of fatherhood than a declaratory judgment action in Supreme Court (Matter of Sondra S. v Jay O., 126 Misc 2d 322). A proceeding to establish paternity may *656 be instituted during the pregnancy of the mother or after the birth of the child (Family Ct Act § 517). Hence, paternity may be established before the birth of the child. If, as here, before the petition is filed the putative father dies neither the proceeding nor the. right to commence the proceeding shall necessarily abate but may be continued where, inter alla, the putative father openly and notoriously acknowledged the child as his own (Family Ct Act § 519).
Section 519 of the Family Court Act contemplates that the Family Court shall determine, in the first instance, whether the proceeding shall continue although the putative father has died; and furthermore, that the Family Court shall determine that the proceeding continue because the putative father openly and notoriously acknowledged the child as his own.
In this instance, the Family Court found sufficient evidence to establish paternity (Family Ct Act § 531). The proof required must be entirely satisfactory, that is, sufficient to create a genuine belief that the respondent is the father of the petitioner child and the belief must be supported by "clear and convincing” evidence (Matter of Hawthorne v De Both, 42 AD2d 827). Defendant’s contention regarding the insufficient burden of proof is without merit.
The defendant argues that the Family Court Act is not applicable because it is primarily intended to insure that the child is financially provided for by the putative father and not the State. The defendant next contends that the EPTL controls wrongful death claims. In support of this argument the defendant points to EPTL 4-1.1 et seq. Section 4-1.2 is specifically applicable to legitimacy for the purpose of inheritance (see generally, Matter of Luber, 109 Misc 2d 1065). The EPTL has nothing to do with the instant wrongful death claim. If plaintiff infant recovers against the defendants, it is not because of the laws of estates, but because of her right to recover for wrongful death. Assuming, arguendo, that the EPTL is applicable to the instant action, the court would find that section 4-1.2 (C) incorporates the same standard of proof that is required under Family Court Act § 531 (Matter of Hawthorne v De Both, 42 AD2d 827, supra [proof must be supported by "clear and convincing” evidence]; see also, Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137). Therefore, defendant’s second contention is also of no moment.
*657 The defendant has failed to meet its burden on the motion for summary judgment and therefore there is no need for the plaintiff to come forward with any proof opposing the motion (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, supra).
Accordingly, the motion is denied.

 Third-party defendant Campbell joins in the motion.