■ In the Matter of ALGA RAMOS, Respondent, v JACOB DORN, Appellant.—Order of filiation, Family Court, Bronx County, entered on or about January 20, 1975, reversed, on the law and the facts, and the petition dismissed, without costs and without disbursements. It is almost axiomatic that great weight is to be given to the determination of a judicial fact-finder, sitting without a jury, as to credibility. However, we find the evidence of petitioner-respondent, the sole witness in her own support, to be less than adequate in excluding all other bed partners in her career of admitted promiscuity in order to fasten sole responsibility upon respondent-appellant. One factor in and of itself casts grave doubt upon the determination below: on her return from vacation in Mexico in 1973, where, the day after their meeting, she first engaged in sexual relations—this twice, in the presence of respondent's sleeping roommate—she was met at the airport by one of her paramours. She spent the night at his apartment, but protested that they had no contact. She continued an intimate association with this same person for some time thereafter. On sum, her evidence does not come up to the standard required to establish paternity. (See *Commissioner of Public Welfare of City of N. Y. v Ryan,* 238 App Div 607.) In *Matter of Backman v Shire* (47 AD2d 602), we affirmed without opinion a finding by Family Court denying filiation on evidence stronger than here found. Indeed, the putative father in that case admitted intercourse with the petitioner there during the

critical time of possible conception. This, considered with evidence of promiscuity, did not sway the trial court from finding the evidence not entirely satisfactory. A fortiori in the case before us. Concur—Markewich, J. P., Kupferman, Lupiano and Tilzer, JJ.; Murphy, J., votes to affirm on the opinion of Alexander, J. at Family Court. Order filed.