OPINION OF THE COURT
Frank Torres, J.
A human leukocyte antigen (HLA) test has been ordered in this paternity proceeding.
The petitioner, Commissioner of Social Services, in order to avoid costs beyond the HLA test itself, requested that the respondent stipulate that the resulting HLA test report be admissible into evidence at the hearing. Such a stipulation would save the court time, and the petitioner the expense incidental to producing a laboratory witness to give foundation testimony. Upon the respondent’s refusal to so stipulate, the petitioner asked the court to provide in its order for the HLA test, that the laboratory report of the test results be admissible into evidence as a report consequent of the court’s order. This court has so ordered.
The problem presented by the issue raised at this point is of the admissibility, in a paternity proceeding, of the HLA blood test results in laboratory report form. In the instant *311 case, the respondent putative father does not consent to the admission into evidence of the lab report on the grounds that it is hearsay, and that a proper foundation must be laid for its admittance. This court has considered the problem in view of present applicable law and the possible solutions to this problem.
Section 532 of the Family Court Act permits the results of the HLA blood test to be received into evidence in paternity proceedings (section 418 of the Family Court Act allows the same in support proceedings), but it is silent as to how the evidence is to be received. On its face the statute does not appear to specifically overcome the rule against hearsay, and a lab report is clearly hearsay. Pursuant to the applicable law, the blood test lab report is admissible under the CPLR 4518 business records exception, if a Judge finds it was made in the regular course of business, and that it was the regular course of that business to make it at the time of the act or at a reasonable time thereafter. This may be accomplished by having someone from the laboratory testify as to those facts, thereby laying a proper foundation for the lab report’s admission into evidence. While it may be undisputed that the New York Blood Center makes blood analyses and lab reports based on these analyses during the ordinary course of its business, and that the lab report was made as part of the business duty of the doctor who made it, or upon information imparted by persons who were under a duty to impart such information, the Judge, in order to satisfy CPLR 4518, must still hear testimony and make a finding before the report can be admitted into evidence as a business record.
The difficulty with this procedure is that it prolongs the trial, and imposes on the petitioner the expense of paying a witness, an additional expense to that of the costly blood tests.* This requirement cannot be avoided by resorting to the hospital records exception under CPLR 4518 (subd [c]) and CPLR 2306 (subd [a]), which permit admittance of certified copies of hospital records, because the laboratory *312 utilized for blood examinations does not qualify as a hospital.
Possible solutions to the problems posed in entering the blood test results into evidence include consent by the parties when the test is ordered, a change in the applicable law, and the court taking judicial notice of facts amounting to the finding required by CPLR 4518. If the parties consent to have the blood test results entered into evidence there is no problem, but it is unlikely that such consent will be obtained in every case. Consent was not obtainable in the case at hand.
A change in the law could be made applicable to all cases and would underscore the Legislature’s intent that the blood test results not be kept out of the determination of a case. This could be accomplished by either amending sections 418 and 532 of the Family Court Act to state the manner in which the blood test results can be entered into evidence (e.g., by certification of the results by an appropriate official of the administering institution, or by allowing blood test results, which are offered for the purposes of these sections, to be treated as hospital records under • CPLR 2306 and therefore admissible upon certification by an appropriate official), or by amending CPLR 2306 to include blood test results in the hospital records exception to the rule against hearsay. Amending the Family Court Act is likely to be deemed preferable to amending the CPLR because the effect can be more easily limited to the circumstances at hand. It should be noted that neither of these proposed changes in the law would affect the weight of the evidence, nor the respondent’s ability to effectively cross-examine the results of the blood analyses. Said changes would merely speak to the admissibility of this evidence by addressing the requirement that a proper business records foundation be laid.
Under the limitations of the present law, the Judge could meet the “finding” requirement of CPLR 4518 without hearing testimony. This would be accomplished by taking judicial notice of the standards and procedures inherent in the administering of blood tests, and of the objective scientific nature of both the test results and the interpretation of those results, coupled with the intent of the Legislature *313 to have the evidence admitted, the court’s desire to serve the interests of justice, consider competent evidence, and the exigencies of the court itself. Under this alternative, the Judge would include in the court order for the HLA test a provision ordering that the HLA blood test results be admissible and received into evidence, as a consequence of the court’s order that such test be submitted to, and without further foundation or testimony required. Under either of these proposals, the respondent’s right to subpoena the doctors and/or technicians of the laboratory is in no way abridged or limited. In the absence of clear direction from the Legislature, this court takes the latter approach and orders that the laboratory report of the HLA test be admitted into evidence.
In the event this issue, when posed in subsequent proceedings, is not resolved in a consistent pattern, clarification by the Legislature of its intent and position will be even more desirable and necessary than it is presently.

 The cost of the blood test presently ranges from $500 to $950 for Department of Social Services (DSS) or from $600 to $950 for private parties; Dr. Sussman’s fee for testifying for one-half day is $350 for DSS and $500 for private parties.