OPINION OF THE COURT
Kevin C. Fogarty, J.
This paternity proceeding was instituted by the petitioner whose assignor (hereinafter referred to as the petitioner) alleged that the respondent was the father of Kelly Williams, born on January 25, 1976.
Before reaching the facts of the case, the court must first determine whether the results of the human leukocyte antigen (hereinafter referred to as HLA) test are admissible in laboratory report form. The respondent objected to the results being admitted into evidence during the hearing on the ground that the results were hearsay. Although the court overruled the respondent’s objection at the time, the court feels compelled to reconsider its decision and to sustain the objection.
In Matter of Carmen I. v Robert K. (110 Misc 2d 310), the Kings County Family Court was faced with the same issue wherein the respondent did not consent to the admission into evidence of the lab report on hearsay grounds and wanted a proper foundation to be laid for its admittance. The court outlined the problems with the present statutory scheme found in section 532 of the Family Court Act. Although section 532 of the Family Court Act permits the *746 results of the HLA test to be admitted into evidence in paternity proceedings, it is silent as to how the evidence should be received.
The court in Matter of Carmen I. v Robert K. (supra) found that in order to satisfy the business records exception to the rule against hearsay found in CPLR 4518 (subd [a]), testimony must be given to the effect that the lab report was made in the regular course of business and that it was the regular course of that business to make it at the time of the act or at a reasonable time thereafter. The court also found that the hospital records exception under CPLR 4518 (subd [c]) and 2306 (subd [a]) would not remove the hearsay stigma because the laboratory used for blood examinations does not qualify as a hospital. (Matter of Carmen I. v Robert K., supra, pp 311-312.)
Possible solutions to the problems posed in entering the HLA results into evidence include having someone from the laboratory testify as to the facts required by the business records exception, consent by the parties, a change in the statutes, and courts taking judicial notice of facts amounting to the finding required by CPLR 4518. The court in Carmen I. (supra) opted for the latter approach while recognizing that amendment of the pertinent law by the Legislature would be preferable.
This court finds that until the Legislature directly deals with the problem at hand by delineating a procedure whereby courts can admit HLA results without the necessity of laying a proper foundation it is constrained to bar the results from evidence unless the petitioner produces a witness who will so testify. This court realizes, as did the court in Carmen I. (supra) that an additional witness prolongs the trial and imposes on the petitioner the expense of paying the witness. However, until the Legislature addresses these problems, this court feels that its hands are tied and, accordingly, must rule that the HLA test results are not admissible into evidence.
Without the HLA test results, the court is left with the testimony of the petitioner as the determinative evidence on the question of whether the respondent is the father of the child. When deciding whether the petitioner has met *747 the stringent burden of proof of clear and convincing evidence required in a paternity proceeding, the court’s evaluation of the parties’ testimony is of utmost importance. Although the court found the petitioner to be a credible witness, apparent conflicts in her testimony raise sufficient doubts in the court’s mind such that the court is unable to make a finding of paternity. For example, the petitioner testified that she was with a man named Phillip, whom she identified as the father to the Department of Social Services, in Daytona, Florida, during Easter weekend of 1975. At another point during her testimony, she stated that she spent the same weekend with the respondent in his apartment in New York City. The court is aware that the petitioner is testifying to events which occurred seven years ago. However, this factor does not lessen the petitioner’s strict burden of proof which she has failed to meet.
Accordingly, the petition is dismissed.