OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the case remitted for a new hearing in accordance with this memorandum.
The burden of proof in a paternity proceeding rests upon the petitioner, who must establish paternity by “ ‘clear and convincing’ evidence, evidence which is ‘entirely satisfactory’ and creates a genuine belief that respondent is the father of the child”. (Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141-142.) The evidence in this case does not meet that standard. Where there is proof in the record that a man other than the respondent has had intercourse with the petitioner during the critical time period, the evidence is insufficient as a matter of law (Matter of Department of Social Servs. v Alan K., 69 AD2d 861; Phillips v Broadwell, 63 AD2d 840; Matter of Ramos v Dorn, 49 AD2d 522).
While the failure of a respondent to testify on his own behalf in a paternity proceeding does “allow the trier of fact to draw the strongest inference against him that the opposing evidence in the record permits” (Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141, supra), respondent’s silence in this case can permissibly be used to draw only one inference: that petitioner’s testimony regarding the fact and date of her sexual relations with respondent is accurate. This is evidence that respondent would be in a position to controvert (see, Perl-man v Schanck, 192 App Div 179, 183-184) and respondent’s silence may not be used to draw any inferences beyond that. Respondent’s silence may not be used to directly support the conclusion that he is the father of petitioner’s child.
Nonetheless, a new hearing, rather than dismissal of the petition is in order. A human leukocyte antigen (HLA) test was administered in this case and, assuming that the foundational problems indicated by the Appellate Division are curable, as they appear to be, the test would be admissible (Family Ct Act § 532) and could elevate the evidence to meet the requisite standard of proof (see, Ann., 37 ALR4th 151; Matter of Department of Social Servs. [Sandra C.] v Thomas J. S., 100 AD2d 119, appeal dismissed 63 NY2d 675; Matter of Rosemary W. v Bruce A., 113 Misc 2d 745, 746).
*997 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and matter remitted to Family Court, Cortland County, for a new hearing in accordance with the memorandum herein.