OPINION OF THE COURT
 

 Simons, J.
 

 Petitioner appeals from an order of the Appellate Division which reversed and vacated orders of the Family Court adjudicating respondent father of a child born out of wedlock and directing him to pay weekly support. The Appellate Division found the evidence of paternity insufficient as a matter of law. Inasmuch as it failed to give proper consideration to admissible and probative evidence, there should be a reversal. Specifically, Family Court properly could consider that entries in the hospital record of the mother’s confinement at delivery corroborated her testimony that the child was born prematurely and it also could consider, in assessing the strength of petitioner’s evidence, that respondent did not testify and draw appropriate inferences because of his failure to do so.
 

 There was evidence in the record which established, if accepted, that Patricia A. and Philip De G. dated regularly, that they engaged in sexual intercourse in 1976 and that she became pregnant by him; that at his request she aborted that pregnancy in November, 1976 and thereafter stopped seeing him. She started dating another man, with whom she had sexual relations, in December, 1976 or January, 1977, but in March she stopped seeing him and resumed dating respondent in mid-April, 1977. She began having sexual relations with him, and no other, as soon as they started dating in April and continued to do so until March, 1978, after the baby was born. Patricia first realized she was pregnant in May or June, 1977 and the baby
 
 *140
 
 was born, prematurely she testified, January 9, 1978. She testified that the child weighed 4 pounds 13 ounces at birth. Patricia also testified that respondent visited her at the time of the delivery and took her home from the hospital, that he gave her substantial gifts for the child, and that he called the child “his baby”.
 

 The mother was the only witness to testify and thus respondent contends that there was no expert evidence to corroborate that the baby was premature and conceived during the time when sexual intercourse allegedly occurred (see
 
 Matter of Morris v Terry K.,
 
 60 AD2d 728;
 
 Matter of Kathy R. v Steven S.,
 
 47 AD2d 680;
 
 Baronowski v Luciano,
 
 23 AD2d 815). During the hearing, however, petitioner submitted the hospital record of the confinement at delivery. It was not certified (see CPLR 4518, subd [c]) but respondent’s only objection was that it was not evidence sufficient to corroborate the premature birth. The court received the exhibit as a record kept in the regular course of business but did not rule on the sufficiency objection. On the diagnosis sheet of the attending doctor appears the statement that the child was a “pre-term living female” “born at 35 wks. gestation.” On the “Data Sheet-Newborn” signed by the delivery and nursery room nurses appears the statement that the child was premature. Similar statements appear in the progress notes but neither the authors of the progress notes nor their qualifications are identified. The diagnosis of the doctor and the nurses’ entries were prima facie evidence of the facts stated (CPLR 4518, subd [c]; see, also,
 
 Williams v Alexander,
 
 309 NY 283, 287;
 
 People v Kohlmeyer,
 
 284 NY 366, 369; Richardson, Evidence [10th ed], § 301). In the absence of contradictory evidence, these hospital entries were sufficient to-permit but not require the trier of fact to find in accordance with the record thus corroborating by expert evidence the mother’s testimony of prematurity (see
 
 George Foltis, Inc. v City of New York,
 
 287 NY 108, 122, 128;
 
 St. Andrassy v Mooney,
 
 262 NY 368; Richardson, Evidence [10th ed], § 96; 5 Weinstein-Korn-Miller, NY Civ Prac, par 4518.24). The period of gestation indicated by this evidence placed conception in early May, a time when the mother testified that she and respondent had engaged in sexual intercourse.
 

 
 *141
 
 The other point requiring our consideration is the effect to be given respondent’s failure to testify. The statute
 
 *
 
 provides that he need not do so and the issue is whether any inference may be drawn against him if he does not.
 

 In the past, the Second Department has not permitted the inference
 
 (Matter of Renee K. v Robert P.,
 
 50 AD2d 604), but other Appellate Divisions have (see
 
 Matter of Commissioner of Social Servs. of Erie County v Simons,
 
 87 AD2d 993;
 
 Matter of Arlene W. v Robert D.,
 
 36 AD2d 455, 459 [4th Dept];
 
 Matter of O’Connor v Sanford,
 
 72 AD2d 884 [3d Dept]). Filiation proceedings are civil proceedings (see Family Ct Act, § 511;
 
 Matter of Clausi,
 
 296 NY 354;
 
 Matter of Harris v Doley,
 
 22 AD2d 769; cf.
 
 Commissioner of Public Welfare of City of N. Y.
 
 [McNamee]
 
 v Ryan,
 
 238 App Div 607, 608), and it is now established that in civil proceedings an inference may be drawn against the witness because of his failure to testify or because he exercises his privilege to prevent another from testifying, whether the privilege is constitutional (see
 
 Marine Midland Bank v Russo Produce Co.,
 
 50 NY2d 31, 42; cf.
 
 Baxter v Palmigrano,
 
 425 US 308), or statutory
 
 (see People v Hovey,
 
 92 NY 554 [marital privilege];
 
 Sabowska v Coney Is. & Brooklyn R. R. Co.,
 
 174 App Div 913 [physician-patient];
 
 Deutschmann v Third Ave. R. R. Co.,
 
 87 App Div 503, 513-515 [physician-patient]; see, generally, NY PJI 1:76 and Comment; Fisch, NY Evidence [2d ed], § 1127; Propriety and Prejudicial Effect of Comment or Instruction by Court with Respect to Party’s Refusal to Permit Introduction of Privileged Testimony, Ann., 34 ALR3d 775; cf. Proposed Code of Evidence for State of New York, § 503). The failure of respondent to testify does not permit the trier of the fact to speculate about what his testimony might have been nor does it require an adverse inference. It does, however, allow the trier of fact to draw the strongest inference against him that the opposing evidence in the record permits (see
 
 Noce v Kaufman,
 
 2 NY2d 347, 353).
 

 Petitioner’s burden is to establish paternity by “clear and convincing” evidence, evidence which is “entirely sat
 
 *142
 
 isfactory” and creates a genuine belief that respondent is the father of the child
 
 (Matter of Lopez v Sanchez,
 
 34 NY2d 662;
 
 Matter of Piccola v Hibbard,
 
 51 AD2d 674, affd 40 NY2d 1035;
 
 Commissioner of Public Welfare of City of N. Y.
 
 [McNamee]
 
 v Ryan,
 
 238 App Div 607, 608,
 
 supra).
 
 Inasmuch as there was evidence in the record which if believed would meet this standard and warrant a finding of paternity, the order must be reversed.
 

 Accordingly, the order of the Appellate Division should be reversed and the matter remitted to that court for its determination of the facts.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Meyer concur.
 

 Order reversed, with costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.
 

 *
 

 (Family Ct Act, § 531: “The trial shall be by the court without a jury. The mother or the alleged father shall be competent to testify but the respondent shall not be compelled to testify.”)