■ In the Matter of WILLIAM R. MOON, as Commissioner of the Delaware County Department of Social Services, on Behalf of DEBRA BB., Respondent, v ROSCOE CC., Appellant. — Appeal from an order of the Family Court of Delaware County (Estes, J.), entered February 2, 1984, which adjudicated respondent to be the father of petitioner's child.

Petitioner testified that she lived with respondent from mid-June of 1982 to mid-July of 1982, during which time they had regular and frequent intercourse. Petitioner further testified that she did not engage in sexual intercourse with anyone else throughout June and July of 1982. Petitioner's last menstrual period began June 17, 1982. In August of 1982, petitioner visited her physician who informed her that she was pregnant and would give birth on or about March 24, 1983. Petitioner's daughter, Stacy Marie, was in fact born on March 21, 1983, a full-term baby weighing eight pounds, two ounces.

A friend of petitioner also testified that respondent was living with petitioner and sleeping in her bedroom from mid-June to mid-July, 1982. The friend was herself an occasional overnight guest at petitioner's home during this period and stated that respondent was to her knowledge the only person to sleep with petitioner during this time.

Respondent did not take the stand. However, his nephew testified that he had intercourse with petitioner on two unspecified dates in late May or June, 1982. The results of a human leucocyte antigen (HLA) blood test revealed a 99.35% probability that respondent was the baby's father. The trial court duly entered an order of filiation naming respondent as the father, and this appeal ensued.

It is respondent's contention that the above determination should be reversed because it is not based on substantial evidence. We disagree. The results of the HLA test show an overwhelming probability that respondent is the father. This test is highly accurate on the issue of paternity and should be accorded great weight (*Matter of Bowling v Coney,* 91 AD2d 1195, 1196). Further, the fact that respondent chose not to testify in a case of this nature permits "the trier of fact to draw the strongest inference against him that the opposing evidence in the record permits" (see *Matter of Commissioner of Social Servs. v Phillip De G.,* 59 NY2d 137, 141). Finally, the testimony of respondent's nephew that he had intercourse with petitioner was uncorroborated and so, by statute, was not competent evidence (Family Ct Act, § 531). Accordingly, contrary to respondent's assertions, we find that the record contains clear and convincing evidence that respondent is the father of petitioner's child.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.