■ In the Matter of W. BURTON RICHARDSON, as Director of Social Services of the Monroe County Social Services District, on Behalf of SHELLEY GIBEAULT, Appellant, v TIMOTHY PUTNEY, Respondent.—Order unanimously reversed, on the facts, without costs, petition granted, and matter remitted to Monroe County Family Court for a determination of child support, in accordance with the following memorandum: It is the burden of the petitioner in a filiation proceeding to prove paternity by clear, convincing and satisfactory evidence which creates a genuine belief that respondent is the father of the child *(Matter of Commissioner of Social Servs. v Phillip De G.,* 59 NY2d 137, 141-142; *Matter of Commissioner of Social Servs. v Michel,* 93 AD2d 997). Petitioner satisfied this burden and the court's determination to dismiss the petition was against the weight of the uncontroverted evidence. The testimony of the mother was credible and forthright; it unequivocally established that she and respondent had sexual intercourse several times during the period of conception, that she had no other sexual contact during this period, and that she told respondent that she was pregnant within a short time after she learned of it. This testimony was unrebutted, and respondent's failure to testify entitled the court to draw the strongest inference against him that petitioner's evidence permitted *(Matter of Commissioner of Social Servs. v Phillip De G., supra)*. The court's finding that the mother never told respondent that he was the father is in conflict with her testimony. The court's suggestion that the mother waited an inordinate period of time before instituting the paternity proceeding ignores the fact that the proceeding was brought by the Department of Social Services within the applicable Statute of Limitations and, in any case, is belied by the averment in the mother's affidavit, made three months before the birth of the

child that respondent was the father. Because petitioner established paternity and because respondent rested without putting in any proof, the petition is granted and the matter remitted to Family Court for the purpose of fixing support *(see, Matter of Commissioner of Social Servs. v Simons,* 87 AD2d 993). (Appeal from order of Monroe County Family Court, Willis, J.—paternity.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and O'Donnell, JJ.