■ In the Matter of STACIE O., Respondent, v LUCIANO B., Appellant.—In a paternity proceeding pursuant to Family Court Act article 5, the appeal, by permission, is from an order of filiation of the Family Court, Westchester County (Kaiser, J.), entered July 19, 1983, which adjudged the appellant to be the father of a child born to the petitioner on September 10, 1980.

Order affirmed, without costs or disbursements.

Since the petitioner produced a witness who testified with

personal knowledge that the human leukocyte antigen test was prepared and kept in the regular course of business of the testing laboratory, the Family Court properly admitted the results of the test (CPLR 4518 [a]), which showed the probability of paternity to be 95.1%. Moreover, inasmuch as there was no evidence that any man other than the appellant had sexual intercourse with the petitioner during the critical period (cf. Matter of Jane PP. v Paul QQ., 65 NY2d 994, 996), the petitioner met her burden of proof in establishing, by clear and convincing evidence, that the appellant was the father of the child (see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137, 141-142). Lazer, J. P., Mangano, Brown and Weinstein, JJ., concur.