■ In the Matter of ZOILA L., Respondent, v JOSEPH S., Appellant.—In a paternity proceeding pursuant to Family Court Act article 5, the putative father appeals from (1) an order of the Family Court, Queens County (Torres, J.), dated February 25, 1985, which adjudged him to be the father of the petitioner's child, and (2) an order of the same court, dated June 4, 1985, which, upon the adjudication that he was the father of the petitioner's child, ordered him to make support payments and certain payments for arrears.

Ordered that the appeal from the order dated February 25, 1985 is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated June 4, 1985 is reversed, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a new hearing and determination on the issue of support and arrears. The adjudication that the appellant is the father of the petitioner's child is affirmed. Pending the new determination on the issue of support and arrears, the appellant shall continue to make current support payments of $37.50 per week.

The appeal from the order dated February 25, 1985 must be dismissed (see, Family Ct Act § 1112), but the issues raised on that appeal are brought up for review on the appeal from the dispositional order dated June 4, 1985. The hearing on the issue of paternity presented sharp issues of credibility for the court to decide. In upholding the court's determination as to paternity we find that there is sufficient evidence in the record which, if believed, meets the clear and convincing standard necessary to prove paternity (see, Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137). In addition, the court properly considered the weight to be given the human leucocyte antigen blood tissue test which indicated a high degree of probability that the appellant is the father of the child.

Because of the inadequacy of the hearing record, it is not possible for this court to review the Hearing Examiner's report, adopted by the Family Court, to determine whether the findings on the issues of support and arrears are contrary to the weight of the evidence. Accordingly, the matter is remitted to the Family Court for a new hearing solely on those issues. Niehoff, J. P., Rubin, Eiber and Kunzeman, JJ., concur.