■ In the Matter of ROBERT L. REIDY, as Commissioner of Montgomery County Department of Social Services, on Behalf of CHARLOTTE P., Respondent, v JEFFREY K., Appellant.—Levine, J. Appeal from an order of the Family Court of Montgomery County (Catena, J.), entered May 3, 1985, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Charlotte P.

Petitioner, the Commissioner of the Montgomery County Department of Social Services, commenced the instant paternity proceeding seeking a declaration that respondent was the father of a child born out of wedlock to Charlotte P. on

November 9, 1983. The mother was the sole witness at the ensuing hearing. She testified that she had engaged in sexual intercourse exclusively with respondent during and after January 1983 and that her last menstrual period prior to the pregnancy ended on January 15, 1983. She also stated that respondent had admitted to her that he was the child's father and visited her after the birth to request custody. The results of a human leucocyte antigen (HLA) test submitted into evidence established an 85.4% probability of respondent's paternity. Based upon the foregoing, Family Court found paternity and entered an order of filiation. This appeal ensued.

Respondent contends that petitioner failed to establish his paternity by evidence that was clear and convincing, entirely satisfactory, and sufficient to create a genuine belief that he was the child's father (see, Matter of Jane PP. v Paul QQ., 65 NY2d 994, 996). We disagree.

Respondent was in a position to controvert the mother's testimony. Given his failure to do so, Family Court was entitled to draw the strongest inference against him allowed by the proof; i.e., the court could credit the mother's testimony regarding the parties' sexual relationship and respondent's admissions as accurate and give great weight to the HLA test results (see, Matter of Jane PP. v Paul QQ., supra; Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141; Matter of Bowling v Coney, 91 AD2d 1195, 1196).

We reject respondent's claim that expert medical testimony was required to establish his paternity because the mother's period of gestation substantially deviated from the normal period. Although, when measured by the date from the first day of the mother's last menstruation to the date of birth, the period of gestation of 299 days was 18 days longer than the average such period under this method of measurement (see, Matter of Erie County Commr. of Social Servs. v Boyd, 74 AD2d 728; see generally, 2 Schatkin, Disputed Paternity Proceedings ch 23 [4th ed rev]), the actual period of gestation from the date of conception to the date of birth may commonly vary from between 266 to 299 days (Matter of Morris v Terry K., 60 AD2d 728, 729). It was readily inferable from the mother's testimony that she conceived the child subsequent to the January 14th onset of her last menstrual period. Thus, her term of pregnancy fell within normally expected limits and expert testimony was not necessary to establish paternity (see, Matter of Commissioner of Social Servs. of County of Erie v Gibson, 78 AD2d 981, affd 55 NY2d 681).

Finally, contrary to respondent's assertions, no discrepancies existed in the data reported in the HLA test results. Based upon a determination of the mother's and the child's HLA genotypes, it was noted that the actual father would possess one of several possible HLA gene groupings. That respondent did not possess genes listed for all of these possible groupings was relevant only to the probability of his paternity and did not reflect upon the accuracy of the test results nor tend to negate paternity.

Order affirmed, without costs. Kane, J. P., Main, Weiss, Levine and Harvey, JJ., concur.