OPINION OF THE COURT
Robert L. Estes, J.
The testimony during this brief filiation hearing consisted of the testimony only of the mother of the child, the putative father, and the son of the putative father. The only documentary evidence is the certification and report of results of the laboratory which performed blood tests including a human leucocyte antigen (HLA) analysis. The combined probability of paternity is 99.6%. There is no dispute that the child was *250 born July 20, 1986, and the court accepts the mother’s uncontradicted testimony that the child was "normal”, but that the child’s birth had been expected on July 7, 1986.
Although it is evident that the mother was cooperating in an effort to establish the paternity of her child, and was sincere in her effort to recall events and the time of the events, she was simply unable to provide any definite evidence concerning the times, places and circumstances of sexual intercourse with the respondent and other men during the period of possible conception. No medical or hospital records were introduced as evidence-in-chief, nor to assist the mother in refreshing her recollection. She testified to having had sexual intercourse with two of the sons of the putative father, when she believes she was three or four months pregnant. She did not, however, contradict the otherwise unimpeached testimony of the respondent’s son Burton M. relating sexual intercourse between Burton and the mother in June of 1985 and on or about November 19, 1985. The blood test results are strongly suggestive that the respondent is the child’s father, but the petitioner has failed to carry it’s burden of proof to establish by clear and convincing evidence that the respondent is the father of the child.
In the ordinary case, an HLA probability exceeding 99.35% may be considered to establish an "overwhelming probability that respondent is the father.” (Matter of Moon v Rocco CC., 105 AD2d 485, 486 [3d Dept 1984].) Such is not the case where, as here, the mother testifies to having sexual intercourse with two sons of the putative father during her pregnancy, which corroborates testimony by one of the sons that he had sexual intercourse with the mother near the time of conception. Particularly, Burton testified that he had sexual intercourse with the mother eight months, or approximately 250 days prior to the birth of the child. The normal period of human gestation is 266 days from the date of conception. (People v Farina, 134 App Div 110, resettlement denied 136 App Div 922 [2d Dept 1910]; Matter of Morris v Terry K., 60 AD2d 728, 729 [3d Dept 1977], revd 70 AD2d 1031 [3d Dept 1979]; Baranowski v Luciano, 23 AD2d 815 [4th Dept 1965].)
Courts have also judicially noticed, however, that gestation periods greater than and less than the normal period are not only possible, but do occur. (Lockwood v Lockwood, 62 NYS2d 910 [Sup Ct, Queens County 1946].) In Lockwood, the court held that a 355-day period of gestation was not impossible. (Supra, at 911.) A highly respected treatise contains a table *251 contemplating periods of gestation as short as 196 days. (Schatkin, Disputed Paternity Proceedings, appendix, at 203 [4th ed rev].)
The HLA test involves antigens on the lymphocytes which are controlled by genetic loci. (Matter of Beaudoin v Tilley, 110 Misc 2d 696, 698.) Ascertainment and comparison of the identity of these highly specific antigens on certain white blood cells of the child, mother and putative father enables the technician to project a mathematical probability that certain antigens on the cells of the blood of the child originate from the genetic loci of the father, instead of another male in the general population. In view of the fact that each of their own genetic influences depends heavily upon that of their father, the sons of the putative father cannot be considered to be members of the general population for purposes of the HLA test in the present case. In the absence of expert testimony explaining the impact upon the probability of paternity of the possibility of sexual intercourse between the mother and each of the sons of the putative father, the HLA test results are insufficient, together with the other facts in this case, to establish paternity by the necessary standard. The petition will be denied.