O & G CARRIERS, INC., Plaintiff,

v.

ROSENTHAL & COMPANY and First American Discount Corporation, Defendants.

No. 87 Civ. 7275 (RO).

United States District Court, S.D. New York.

May 13, 1988.

Bizar D'Alessandro Shustak & Martin, New York City, for plaintiff; Irvin Rothfarb, of counsel.

Bloom & Eilen, New York City, for defendants; Howard S. Eilen, of counsel.

## MEMORANDUM AND ORDER

OWEN, District Judge:

Plaintiff O & G, a corporation that has invested in commodities for approximately ten years, brought this action against Rosenthal and First American, two commodities brokerage firms, alleging violations of the antifraud provisions of Commodity Exchange Act, 7 U.S.C. § 6b, and breach of fiduciary duty under state law. The gravamen of the complaint is that defendants liquidated O & G's account without giving it notice and an opportunity to cover possible losses in gold and French franc trading. O & G seeks its alleged damages as a result of this liquidation.

O & G signed brokerage agreements with each defendant. These contracts contain virtually identical forum selection and choice of law clauses under which the parties agreed that the validity and construction of the agreements are to be determined under Illinois law, that plaintiff submits to the jurisdiction of the courts of Illinois, and that "adjudication or enforcement of controversies which may arise between you [O & G] and the undersigned [defendant] shall be determined exclusively by the courts of Illinois sitting in the City of Chicago, and [O & G] ... hereby submits to the exclusive jurisdiction of such courts, and expressly waives the right to adjudication ... by any court ... sitting in any other jurisdiction[.]"

Based on the above clause, defendants move to dismiss under Fed.R.Civ.P. 12(b)(3) for improper venue, alleging that the parties agreed to adjudicate disputes in Illinois

state court. Defendants note, however, that they would consent to a transfer of this action to the U.S. District Court for the Northern District of Illinois under 28 U.S.C. § 1406(a) if the Court so decides.

Plaintiff urges that any ambiguities in the forum selection clauses should be resolved against defendants, who drafted the contracts. Moreover, plaintiffs suggest that the clauses, if construed to mean that any controversies between the parties must be heard in state court, would violate jurisdictional provisions of the Commodity Exchange Act, which provide for exclusive jurisdiction in the federal courts in actions such as this. In urging that its choice of venue in New York is proper and should be affirmed, plaintiff points to the numerous contacts of defendants with the state of New York, including their membership on New York commodities exchanges and Rosenthal's maintenance of an office in Manhattan.

■ As a threshold matter, the meaning of the forum selection clauses must be determined. The phrase "courts of Illinois sitting in the City of Chicago" is ambiguous; it is susceptible of meaning either Illinois state court or federal court in Chicago, and I interpret it accordingly, *see City of New York v. Pullman Inc.*, 477 F.Supp. 438 (S.D.N.Y.1979). Since, as noted, the Commodities Exchange Act dictates that federal district courts have *exclusive* jurisdiction in private actions for damages under the Act, *see* 7 U.S.C. § 25(c), a state forum is necessarily precluded. Subsection (c) of § 25 was added in 1983 to provide investors with an express private right of action for damages under the Act following the Supreme Court's decision in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982), which held that injured investors had an implied private right of action against brokers for violations of Act's antifraud provisions. Since defendants, according to their papers, are registered futures commission merchants as defined in 7 U.S.C. § 2, and plaintiff alleges that defendants violated the Act, § 25(b)(2) and (c) provide for exclusive federal jurisdiction. This is so even though plaintiff has not predicated its action on § 25, but has merely alleged a violation of § 6b. *See McCarthy v. Painewebber, Inc.*, 618 F.Supp. 933, 934 (N.D.Ill.1985).

Moreover, although § 6b does not state that violations of rules promulgated under it constitute violations of the Commodities Exchange Act, it has been recognized that rules enacted under § 6b are valid and may form the basis of a cause of action. *Bartels v. Clayton Brokerage Co. of St. Louis, Inc.*, 631 F.Supp. 442, 446 (S.D.N.Y.1986). Therefore, although plaintiff has not enumerated the rule or rules violated in this instance, it may be inferred that plaintiff's allegations implicate 17 C.F.R. § 166.2 (1985) (involving unauthorized transactions by broker), and that the plaintiff's claims thus constitute alleged violations of a rule or rules under 7 U.S.C. § 25(b)(2).

■ Consequently, given the necessity of a federal forum, the general policy of not disturbing plaintiff's choice of forum must be weighed against the competing consideration of giving allowable effect to a forum selection clause interpretable to permit such federal forum "entered into by knowledgeable parties in an arm's-length transaction ... absent a showing of fraud, overreaching, unreasonableness or unfairness," *Pullman, supra*, 477 F.Supp. at 441 n. 10, directing the parties to litigate in *some* Illinois court. There is no evidence of overreaching or fraud by either of these knowledgeable parties in entering into the brokerage agreements. Accordingly, defendants' motion for change of venue is granted and the action is transferred to federal district court in the Northern District of Illinois.

So ordered.