■ CYNTHIA MOLCHANOFF, Petitioner, v MICHAEL O'REILLY, Respondent.—Order unanimously reversed on the law and facts, petition granted and matter remitted to Onondaga County Family Court for further proceedings on the issue of support. Memorandum: Petitioner appeals from an order of Family Court which dismissed her petition to establish the paternity of her daughter, who was born on August 31, 1978, eight years prior to this proceeding. The recollection of witnesses concerning events that transpired some nine years before understandably led to testimony that was vague and inconsistent, but the medical and scientific evidence was unequivocal, consistent and probative. We find that petitioner presented clear and convincing proof of paternity and grant the petition.

Petitioner testified that the onset date of her last menstrual period was approximately the third week of November 1977; that she had sexual intercourse with respondent during the third week of December 1977; and that she did not have sexual relations with anyone else after the onset of her last period. Respondent admitted that he had intercourse with petitioner during their Christmas vacation from school, but believed that the event occurred on December 30 or 31, 1977. Petitioner's physician opined that the child could have been conceived during the last two weeks of December 1977. The human leucocyte antigen (HLA) blood test indicated a 99.94% probability that respondent is the biological father. If credited, this evidence constitutes clear and convincing proof of paternity *(Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z.,* 133 AD2d 882).

The trial court erred by finding that petitioner testified to an onset date of the third week in December. Petitioner repeatedly testified that the onset date for her last menstrual period was about the third week of November. This factual

error significantly affected the court's subsequent conclusion that an onset date of the third week of December would indicate a gestation period considerably less than the normal period.

We conclude that the court also erred by concluding that an evidentiary conflict between petitioner and her physician as to the onset date of the last menstrual period and other testimonial inconsistencies rendered petitioner's proof less than convincing. The physician testified that a gestation period is 40 weeks and is measured from the onset of the last menstrual period until the date of birth. The doctor further noted that a period two weeks shorter or longer is within normal limits. The hospital records reveal that the child's gestation period was 39 weeks, which would indicate an onset date of December 1, 1977. The contemporaneous records of the physician indicated an onset date of December 3 and thus, the onset dates testified to by both petitioner and her physician were within acceptable limits. Moreover, we agree with the trial court's assessment that greater credence should be accorded the physician's contemporaneous records.

Evidence was presented that another male had sexual relations with petitioner 5 or 6 times between September and December 1977. There was no testimony, however, that any of these acts occurred specifically during December, and the testimony of petitioner and her girlfriend that petitioner terminated any relationship with this male during the second week in October 1977 was unequivocal.

Our independent review of the record indicates that petitioner sustained her burden of proof. The HLA test result of 99.94% is highly accurate and should be accorded great weight (*Matter of Denise H. v John C.,* 130 AD2d 748; *Matter of Bowling v Coney,* 91 AD2d 1195). The physician's testimony provided strong support for a finding of paternity. Testimonial inconsistencies concerning events of nearly a decade in the past were not sufficient to diminish the highly probative and convincing quality of the medical and scientific evidence presented by petitioner. (Appeal from order of Onondaga County Family Court, Buck, J.—paternity.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.