■ In the Matter of NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of SHARON HOWEY, Petitioner, v

RONALD SANDERS, Respondent.—Order unanimously reversed on the law and facts without costs, petition granted and matter remitted to Niagara County Family Court for further proceedings, in accordance with the following memorandum: Family Court erred in dismissing the petition in this filiation proceeding, which sought to adjudicate respondent to be the father of a child born out of wedlock, on the grounds that there was no medical testimony regarding premature birth. The mother testified that she met the respondent in April 1984, that she had sexual intercourse with him on a number of occasions until October 1985, that they did not utilize any birth control devices, and that during that period she did not engage in sexual intercourse with anyone else. Her last menstrual period was in September of 1985 and by Christmas she realized that she was pregnant. During the term of her pregnancy she did not see an obstetrician or receive any prenatal care. The baby was born at her home on June 5, 1986. A few hours thereafter she took the baby to the hospital. The hospital records received in evidence indicated that she delivered a 34-week premature baby which weighed 4 pounds, 3½ ounces. Petitioner also offered in evidence the results of an HLA blood test which indicated that there was a 99.69% probability that respondent was the father of the child. Respondent did not testify.

The mother's testimony that the child was born prematurely was supported by the entries on the hospital records which stated that the child was born prematurely. "In the absence of contradictory evidence, these hospital entries were sufficient to permit but not require [Family Court] to find in accordance with the record thus corroborating by expert evidence the mother's testimony of prematurity" (*Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 140; *see also, Matter of Otsego County Dept. of Social Servs. v Raymond G.*, 103 AD2d 919, 920, *affd* 66 NY2d 901). The result of the HLA blood test is highly accurate on the issue of paternity (*Matter of Sherry K. v Carpenter,* 90 AD2d 687, 688) and should be accorded great weight (*Molchanoff v O'Reilly,* 144 AD2d 937; *Matter of Moon v Roscoe CC.,* 105 AD2d 485, 486; *Matter of Bowling v Coney,* 91 AD2d 1195, 1196). In addition, respondent chose not to testify and hence the strongest inference may be drawn against him that petitioner's evidence permits (*Matter of Commissioner of Social Servs. v Philip De G., supra,* at 141). In our view, petitioner established paternity by clear and convincing evidence. Inasmuch as there was evidence in the record which if believed would

meet the standard and warrant a finding of paternity, the order must be reversed and the matter is remitted for a determination of child support *(Matter of Commissioner of Social Servs. v Philip De G., supra,* at 142). (Appeal from order of Niagara County Family Court, Halpin, J.—paternity.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.