◼ In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF THE COUNTY OF ERIE, on Behalf of CHERYL CUMMINGS, Respondent, v WILLIAM E. RUH, Appellant. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: In this filiation proceeding, petitioner was required to prove paternity by clear, convincing and satisfactory evidence that created a genuine belief that respondent is the father of the child *(see, Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141-142; Matter of Commissioner of Social Servs. of County of Erie v Michel, 93 AD2d 997)*. Upon our review of the hearing evidence, we conclude that petitioner satisfied that burden and that the court properly found that respondent is the father. Petitioner's evidence established that the mother and respondent had a long-term sexual relationship that continued throughout the probable period of conception, late July or early August 1985. Although the mother was unable to testify specifically with respect to a conception date, she testified that, throughout their relationship, she and respondent had sexual relations once a week and that she did not have intercourse with anyone else during the relevant period. There is nothing in the mother's testimony to render it unworthy of belief and, in the absence of credible opposing testimony, it establishes paternity by clear and convincing evidence *(see, Matter of Richardson v Putney, 115 AD2d 340)*. We agree with the hearing court that respondent's testimony, in contrast, is not credible.

We have reviewed respondent's specific challenges to the hearing court's decision and conclude that they are without merit. In particular, the conflicting testimony concerning whether the mother and respondent attended a party on August 3 is inconsequential. That testimony did not undercut the thrust of the mother's testimony that she was engaged in an ongoing and exclusive sexual relationship with respondent throughout the relevant period. (Appeal from order of Family Court, Erie County, O'Donnell, J.—paternity.) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ.