■ NICHOLAS SWANN, Appellant, v JANET SCHOENFIELD, as Personal Representative of the Estate of SCOTT C., et al., Respondents.—Judgment and order unanimously reversed on the law without costs, judgment entered for plaintiff declaring plaintiff to be the biological father of the infant Daniel C., and

matter remitted to Supreme Court, for further proceedings, in accordance with the following memorandum: Supreme Court erred in dismissing plaintiff's complaint in this declaratory judgment action. Upon our review of the record, we conclude that plaintiff established by clear and convincing evidence that he is the biological father of the infant Daniel C.

The record establishes that defendant Gwen C. had sexual intercourse with plaintiff and also with her husband defendant Scott C., now deceased, during the months of January and February 1982, that she did not have sexual intercourse with anyone else during that period of time, that her last menstrual period prior to the birth of her child began on January 15, 1982 and lasted five days, that the child was born on October 16, 1982, and that defendant Gwen C. admittedly sent letters to plaintiff in which she referred to the child as "our son" and "our own little Danny". The results of the HLA blood tests were also received in evidence and excluded defendant husband as the biological father of the child and indicated that there was a 99.5% probability that plaintiff was the biological father of the child.

The HLA blood test has been recognized as being highly accurate on the issue of paternity (*Matter of Niagara County Dept. of Social Servs. v Sanders,* 156 AD2d 939; *Matter of Sherry K. v Carpenter,* 90 AD2d 687, 688) and should be accorded great weight (*Matter of Niagara County Dept. of Social Servs. v Sanders, supra; Molchanoff v O'Reilly,* 144 AD2d 937; *Matter of Moon v Roscoe CC.,* 105 AD2d 485, 486; *Matter of Bowling v Coney,* 91 AD2d 1195, 1196).

Supreme Court also erred in applying the doctrine of equitable estoppel. Although the doctrine has been applied in paternity proceedings to prevent a petitioner from securing an order of filiation which would effectively divest a child born during wedlock of his or her status as a legitimate child (*see, Matter of Ettore I. v Angela D.,* 127 AD2d 6; *see also, Matter of Sharon GG. v Duane HH.,* 95 AD2d 466, *affd* 63 NY2d 859), the doctrine should not have been applied in this case in view of the overwhelming proof of paternity, the pending divorce proceedings and plaintiff's timely attempts to establish paternity.

Accordingly, we remit this matter to Supreme Court, Monroe County, for a determination concerning visitation and the support to be paid by plaintiff for the maintenance of his child. (Appeal from judgment and order of Supreme Court, Monroe County, Rosenbloom, J.—declaratory judgment.) Present—Dillon, P. J., Callahan, Doerr and Lawton, JJ.