*Bank v County of Broome,* 116 AD2d 90, 92). (Appeal from Order of Niagara County Court, Hannigan, J.—Vacate Foreclosure.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.

■ In the Matter of Louise S., Respondent, v Timothy E., Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see,* Family Ct Act § 439 [e]; *Matter of Werner v Werner,* 130 AD2d 754). (Appeal from Order of Wyoming County Family Court, Baird, H.E.—Child Support.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.

■ In the Matter of Louise S., Respondent, v Timothy E., Appellant. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: The notice of appeal is deemed an application for leave to appeal from the order of filiation and, in the exercise of our discretion, leave to appeal is granted *(see,* Family Ct Act § 1112 [a]; *Matter of Hartstein v Mike S.,* 107 AD2d 684).

Upon our review of the record in this filiation proceeding, we conclude that petitioner satisfied her burden of proving paternity by clear, convincing and satisfactory evidence that creates a genuine belief that respondent is the father of her child *(see, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994, 996; *Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141-142; *Matter of Commissioner of Social Servs. of County of Erie v Ruh,* 161 AD2d 1137). Petitioner's evidence established that she and respondent engaged in unprotected sexual intercourse in late October 1987, the probable period of conception. Moreover, the HLA test results, which are considered to be " 'highly accurate on the issue of paternity' " *(Matter of Commissioner of Franklin County Dept. of Social Servs. v Clarence F.,* 117 AD2d 877, 878, quoting *Matter of Karen K. v Christopher D.,* 86 AD2d 633, 634), demonstrated that the probability of respondent's paternity was 96.87%. Further, respondent's failure to testify permitted the court " 'to draw the strongest inference against him that the opposing evidence in the record permits' " *(Matter of Jane PP. v Paul QQ., supra,* at 996, quoting *Matter of Commissioner of Social Servs. v Philip De G., supra,* at 141). (Appeal from Order of Wyoming County Family Court, Newman, J.—Paternity.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.

■ Peter J. Castiglia, Appellant, v Colonial Pines, Inc., et al., Respondents. (Appeal No. 1.)—Order unanimously affirmed with costs. Memorandum: Plaintiff is attempting to set