■ In the Matter of ROBERT J. STONE, as Commissioner of Department of Social Services, on Behalf of JANET C. CHILINSKI, Respondent, v DOUGLAS J. ILARDO, Appellant. (Appeal No. 1.) [595 NYS2d 358] —Appeal unanimously dismissed without costs *(see, Matter of Erie County Dept. of Social Servs. v Abdallah* [appeal No. 2], 187 AD2d 967; *Matter of Louise S. v Timothy E.* [appeal No. 1], 187 AD2d 994). (Appeal from Order of Onondaga County Family Court, Jenkins, H.E.—Child Support.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.

■ In the Matter of ROBERT J. STONE, as Commissioner of Department of Social Services, on Behalf of JANET C. CHILINSKI, Respondent, v DOUGLAS J. ILARDO, Appellant. (Appeal No. 2.) [595 NYS2d 265] —Order unanimously affirmed with costs. Memorandum: We deem the notice of appeal from the order of filiation to be an application for leave to appeal from that order, and, in the exercise of our discretion, grant leave to appeal *(see,* Family Ct Act § 1112 [a]; *Matter of Erie County Dept. of Social Servs. v Abdallah* [appeal No. 2], 187 AD2d 967; *Matter of Louise S. v Timothy E.* [appeal No. 2], 187 AD2d 994).

Petitioner met her burden of establishing paternity "by 'clear and convincing' evidence, evidence which is 'entirely satisfactory' and creates a genuine belief that respondent is the father of the child" *(Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141-142). The HLA blood test, which indicates that there is a 99.98% probability that respondent is the child's father, is entitled to great weight *(see, Swann v Schoenfield,* 163 AD2d 850, 851, *lv dismissed sub nom. Nicholas S. v Schoenfield,* 76 NY2d 889). Contrary to respondent's argument, the blood test report, bearing authentication by a proper officer of the testing laboratory, met the requirements of CPLR 4518 (c) and was properly received into evidence *(see, Matter of Amy J. v Brian K.,* 161 AD2d 1022).

The entry in the mother's hospital record, stating that the child was delivered at 31 weeks gestation, is sufficient to corroborate the mother's testimony that the birth was two months premature *(see, Matter of Commissioner of Social Servs. v Philip De G., supra,* at 140). A gestational period of 31 weeks is consistent with the evidence relating to the mother's last menstrual period *(see generally, Matter of Apuzzo v Slesinsky,* 97 AD2d 615; *Matter of Erie County Commr. of Social Servs. v Boyd,* 74 AD2d 728, 729).

Respondent had an opportunity to controvert the mother's testimony that he was her only sexual partner from the time of her last menstrual period until conception, but respondent chose not to testify. Given respondent's failure to testify, Family Court was permitted "to draw the strongest inference against him that the opposing evidence in the record permits" *(Matter of Commissioner of Social Servs. v Philip De G., supra,* at 141; *accord, Matter of Reidy v Jeffrey K.,* 125 AD2d 825, 826). (Appeal from Order of Onondaga County Family Court, Rossi, J.—Paternity.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.