■ In the Matter of ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KAREN L., Respondent, v AMADEO J. D., Appellant. [631 NYS2d 967] —Order unanimously affirmed without costs. Memorandum: Petitioner met its burden of establishing paternity by clear and convincing evidence, " 'evidence which is "entirely satisfactory" and creates a genuine belief that respondent is the father of the child' " (Matter of Stone [Chilinski] v Ilardo, 191 AD2d 965, quoting Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137, 141-142). The blood genetic marker test, which indicates that there is a 99.9% probability that respondent is the child's father, is entitled to great weight (see, Matter of Stone [Chilinski] v Ilardo, supra). That test also created a rebuttable presumption of paternity, which was not rebutted by respondent (see, Family Ct Act § 532 [a]). The court's comments regarding the rebuttable presumption were appropriate and do not require reversal. Contrary to respondent's argument, the oral decision of Family Court, which reviewed the mother's testimony and set forth the blood test results, satisfies the requirement of CPLR 4213 (b) that the court state the facts it deems essential. (Appeal from Order of Oneida County Family Court, Cook, J.—Paternity.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.