■ In the Matter of BARBARA M., a Child Alleged to be Permanently Neglected. NEW YORK FOUNDLING HOSPITAL, Respondent; RHONDA DENISE M.C., Respondent; JANE M. SPINAK, as Law Guardian, Appellant. [672 NYS2d 759] —In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights, the Law Guardian for the child appeals from an order of the Family Court, Kings County (Pearce, J.), dated January 14, 1997, which, after a fact-finding hearing, dismissed the petition.

Ordered that the order is reversed, on the facts and as a matter of discretion, without costs or disbursements, the petition is granted, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing to determine the best interests of the child.

The subject child was born in 1992 with a positive toxicology for cocaine and placed in foster care. The record established that the child had no meaningful contact with her biological mother in the ensuing years. Despite diligent efforts by the petitioner to maintain scheduled visitation with the child, the mother substantially failed to maintain contact with her (*see,* Social Services Law § 384-b [7]), by failing to attend a great number of scheduled visits, canceling other scheduled visits, and failing to keep the petitioner advised of her whereabouts.

The mother further failed to testify at the fact-finding hear-

ing to explain her failure to maintain contact. Under the circumstances we conclude that a strong adverse inference should be drawn against her from the evidence presented (*see, Matter of Commissioner of Social Servs. [Patricia B.] v Philip De G.,* 59 NY2d 137, 141).

In view of the foregoing, we find that the petitioner established permanent neglect by clear and convincing evidence (*see, Matter of Sheila G.,* 61 NY2d 368). Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.