■ In the Matter of JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of RHONDA L. (G.) R., Respondent. JEFFREY S. R., Appellant. [692 NYS2d 290] —Order unanimously affirmed without costs. Memorandum: Petitioner sustained its burden of establishing respondent's paternity by clear and convincing evidence (*see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.,* 59 NY2d 137, 141-142; *Mat-*

ter of Tina P. v Craig B., 224 AD2d 933). The blood test result indicating a 99.99% probability of paternity creates a rebuttable presumption of paternity (see, Family Ct Act § 532 [a]; *Matter of Oneida County Dept. of Social Servs. [Karen L.] v Amadeo J. D.*, 219 AD2d 834). Rhonda L. (G.) R. testified that she had sexual relations with respondent during the critical period, and, although she admitted that she also had sexual relations with two other men during that period, she produced evidence that they had been excluded by blood test results. With respect to two other men with whom Rhonda admitted having sexual relations, she testified that she had ceased having sexual relations with them several months prior to the critical period, and Family Court credited that testimony. Great deference is given to the decision of the hearing court, which is in the best position to assess the credibility of witnesses (see, *Matter of Tina P. v Craig B., supra*). (Appeal from Order of Jefferson County Family Court, Frank, H.E.—Support.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.