■ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Respondent, v CITY OF NEW YORK, Appellant. [760 NYS2d 325]

—Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered April 3, 2002, which, upon a jury verdict in plaintiff's favor, awarded plaintiff a total of $3,411,282.06 in this action to recover certain payments under a construction management contract, unanimously affirmed, without costs.

The trial court properly denied the City's motion to set aside the jury's determination that improper payments had not been made by contractors to plaintiff's project executive, since the evidence, fairly interpreted, permitted the jury to conclude as it did (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). The hearsay evidence of a contractor who allegedly gave bribes was vague and unspecific, and the contention that the bank records of the accused executive illustrate receipt of improper payments is without evidentiary support.

As for the executive's appearance at an examination before trial, no adverse inference necessarily arose from the invocation of the Fifth Amendment privilege by the nonparty witness (*see State of New York v Markowitz*, 273 AD2d 637, 646 [2000], *lv denied* 95 NY2d 770 [2000]). Even assuming, as the City suggests, that the executive is, in effect, a "party" to this litigation because his acts or omissions in the matter under inquiry should be imputed to Tishman, the failure of that person to testify "does not permit the trier of fact to speculate about what his testimony might have been *nor does it require an adverse inference*"; rather, the jurors "may" draw an adverse inference (*Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141 [1983] [emphasis added]).

No basis exists to set aside the jury's awards for reimbursable expenses. The contract language, fairly interpreted, supports the conclusion reached by the jury that because of a 70% increase in the total development costs for the project, Tishman had earned an equitable increase to its management fee.

We have considered the City's remaining contentions, including that the court improperly precluded it from offering evidence for its defense that Tishman failed to perform on the contract and that the interest rate on the judgment should have been set at less than 9%, and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Marlow, JJ.