■ BREEN BELGIUM BVBA et al., Appellants, v INTERNATIONAL FOREIGN CURRENCY, INC., et al., Defendants, and JAMES PAPADONIOU, Respondent. [831 NYS2d 450]—

In an action to recover damages for conversion, fraudulent misrepresentation, violation of General Business Law § 349 (a), violation of 7 USC § 6b, and breach of contract, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), dated April 17, 2006, as denied those branches of their motion which were for summary judgment in their favor on their causes of action to recover damages for fraudulent misrepresentation, violation of General Business Law § 349, and violation of 7 USC § 6b insofar as asserted against the defendant James Papadoniou, and as granted those branches of the cross motion of the defendant James Papadoniou which were for summary judgment dismissing those causes of action insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant James Papadoniou which was for summary judgment dismissing so much of the second cause of action insofar as asserted by the plaintiff Breen Belgium BVBA against him, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant International Foreign Currency, Inc. (hereinafter IFC), and its president, the defendant Thomas Qualls, allegedly defrauded investors of money invested with them for trading in foreign currency (see Commodity Futures Trading Commn. v International Foreign Currency, Inc., 334 F Supp 2d 305 [2004]), and a default judgment was entered in this action against IFC and Qualls.

The complaint alleges three causes of action against the defendant James Papadoniou, an IFC employee who solicited the

plaintiffs' investments through "cold calling." Specifically, the second cause of action sounds in fraudulent misrepresentation, the third cause of action alleges a violation of 7 USC § 6b, and the fourth cause of action alleges a violation of General Business Law § 349.

The Supreme Court granted Papadoniou's cross motion for summary judgment dismissing the second, third, and fourth causes of action insofar as asserted against him. We modify by denying that branch of Papadoniou's cross motion which was for summary judgment dismissing the second cause of action insofar as asserted against him.

With respect to the second cause of action, sounding in fraudulent misrepresentation, the complaint asserts that, in order to induce the corporate plaintiff Breen Belgium BVBA (hereinafter Breen) to make an initial investment in the sum of $20,000, "various representations" were made, including a representation that losses were limited to 10% of the investment. Although this representation was contrary to the customer agreement, in a fax sent by Breen's sole shareholder, Michael Oostvogels (hereinafter Michael), to Papadoniou, Michael nonetheless stated that Breen would only invest the $20,000 on condition that its own losses were limited to 10% or $2,000 maximum and "[i]n case [the] above conditions would not be acceptable to you, we request you transfer back the amount of $20,000 without delay." When he signed the customer agreement, Michael specified that the customer agreement was "amended" by adding that condition.

Papadoniou did not deny that he made such a representation concerning a limitation on Breen's losses. At his deposition, Papadoniou acknowledged that IFC received this fax in Qualls's office. When asked at the same deposition if he discussed this issue with IFC, he invoked his privilege against self-incrimination pursuant to the Fifth Amendment to the United States Constitution, from which an adverse inference may be drawn in civil proceedings (see Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141 [1983]; Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 42 [1980]). Under the circumstances, Papadoniou failed to establish his entitlement to judgment as a matter of law with respect to so much of the second cause of action as relates to Breen.

However, Papadoniou did not have contact with the plaintiffs Herman Oostvogels (hereinafter Herman) and Josephina Sas. These plaintiffs invested $22,000 and $60,000 respectively, at Michael's suggestion, apparently based upon the positive returns reflected in Breen's monthly account statements. At his

deposition, Papadoniou testified that he was told that these plaintiffs' investments were generating profits and increasing in size, and there is no basis to conclude that Papadoniou knew that such was not the case. Therefore, the Supreme Court properly granted those branches of Papadoniou's cross motion which were for summary judgment dismissing the second cause of action insofar as asserted against him by the plaintiffs Herman and Sas.

The Supreme Court also properly granted that branch of Papadoniou's cross motion which was for summary judgment dismissing the third cause of action alleging a violation of General Business Law § 349 insofar as asserted against him, on the ground that the plaintiffs failed to "allege conduct that was consumer-oriented or 'part of a pattern directed at the public generally' " (*Lynch v McQueen*, 309 AD2d 790, 792 [2003], quoting *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]).

The Supreme Court properly granted that branch of Papadoniou's cross motion which was for summary judgment dismissing the fourth cause of action insofar as asserted against him, on the ground that the federal courts have exclusive jurisdiction over private actions to recover damages for violation of 7 USC § 6b (*see* 7 USC § 25 [c]; *O & G Carriers, Inc. v Rosenthal & Co.*, 685 F Supp 66, 67 [1988]; *McCarthy v PaineWebber, Inc.*, 618 F Supp 933, 934 [1985]). Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.