Order of fact-finding and disposition, Family Court, Bronx County (Fernando H. Silva, J.), entered on or about March 20, 2012, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing, determined that respondent father had neglected the subject children, unanimously affirmed, without costs.
The finding of neglect was supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The testimony at the hearings demonstrated that the father had left the 9- and 10-year-old children home alone at night so that he could engage in a narcotics transaction, which resulted in his arrest. Further, during the five or six hours that the father was in police custody, he took no steps to ensure the safety of the children, during which time they locked themselves out of the apartment and went to a stranger’s apartment for help. Given the imminent danger of physical or mental impairment to the children, the finding of neglect was appropriate even though the children were not actually harmed (see Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]). Based on the father’s failure to testify, the court was allowed to draw the strongest inference against the father that the opposing evidence permitted (see Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141 [1983]). Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Roman and Clark, JJ.