Varela v Rohlf (2019 NY Slip Op 07862)





Varela v Rohlf


2019 NY Slip Op 07862


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Friedman, J.P., Kapnick, Kern, Singh, JJ.


10257 22513/12E

[*1] Alexa Varela, etc., et al., Plaintiffs-Appellants,
v
Brynn Rohlf, Defendant-Respondent, Vincent Zanfardino, Defendant-Appellant.


Mauro Lilling Naparty, LLP, Woodbury (Kathryn M. Beer of counsel), for Alexa Varela, Alfred Mario Reitano and Sofia Patricia Reitano, appellants.
Vouté, Lohrfink, Magro & McAndrew, LLP, White Plains (David Schreiber of counsel), for Vincent Zanfardino, appellant.
Picciano & Scahill, P.C., Bethpage (Gerard Ferrara of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered November 20, 2018, dismissing the complaint as against defendant Rohlf, unanimously reversed, on the law, without costs, the judgment vacated, and the complaint reinstated as against Rohlf.
Defendant Rohlf established prima facie that the motor vehicle accident from which this action arises was caused by defendant Vincent Zanfardino by submitting her own deposition testimony, the testimony of the passenger in Zanfardino's vehicle, the police accident report, and Zanfardino's deposition testimony in which he exercised his Fifth Amendment right to remain silent in response to questions about the cause of the accident (see Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141 [1983] [witness's exercise of Fifth Amendment right in civil case "allow(s) the trier of fact to draw the strongest inference against him that the opposing evidence in the record permits"]).
However, in opposition, plaintiffs and Zanfardino raised an issue of fact as to whether Rohlf's conduct was a substantial causative factor in the accident by presenting Rohlf's testimony admitting that as she merged onto I-95, she did not see Zanfardino's car before the collision and the testimony of two friends of hers that she admitted to using drugs immediately before the accident and that she was distracted by the conduct of her fiancé in the passenger seat beside her. Moreover, both Rohlf and her fiancé exercised their Fifth Amendment rights when asked if they were using drugs in the car and in response to other questions concerning drug activity (see id.). In addition, based on the damage to both vehicles and their position on the roadway after the accident, the investigating police officer stated that Rohlf may have improperly failed to yield the right of way when merging onto the highway, and this conclusion was echoed by plaintiffs' and Zanfardino's experts.
The court's reliance on the testimony of a single witness was misplaced in light of this additional evidence, as it entailed a credibility determination (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]).
The court properly granted Rohlf an extension of time to file her motion for summary judgment upon her showing of good cause for the delay (see Brill v City of New York, 2 NY3d 648, 652 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK