Matter of E. Y. A.-G. v S.B. (2024 NY Slip Op 05632)

Matter of E. Y. A.-G. v S.B.

2024 NY Slip Op 05632

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Docket No. O-24978-17/22B, O-01399/22 Appeal No. 3037 Case No. 2023-04149 

[*1]In the Matter of E. Y. A.-G., Petitioner-Appellant,
v
S.B. Respondent-Respondent. 

Larry Bachner, New York, for appellant.

Order, Family Court, New York County (Gail A. Adams, Ref.), entered on or about May 18, 2023, which, after an inquest brought under article 8 of the Family Court Act, dismissed the petitions for violation of an order of protection dated February 25, 2019 and for an order of protection, and vacated all prior orders of protection, unanimously modified, on the law, to reinstate the prior orders of protection, and otherwise affirmed, without costs.
Family Court properly dismissed the violation petition because petitioner failed to make a showing of good cause under Family Court Act § 842 to extend the February 25, 2019 order of protection. At the inquest, petitioner did not show that an extension was necessary to prevent a recurrence of domestic violence, as she did not testify about incidents that would support specific claims of continued violence against her, nor did she testify that respondent violated any of the prior orders of protection (see Matter of Ironelys A. v Jose A., 140 AD3d 473, 474 [1st Dept 2016], lv dismissed 28 NY3d 953 [2016]). Rather, she testified that respondent had not telephoned her and she had no idea how to contact him until his counsel responded to the appeal she filed regarding the dismissal of the Washington State divorce proceeding.
Family Court also properly dismissed the petition for an order of protection, as petitioner failed to establish prima facie that respondent's actions against her constituted, at the very least, the family offense of identity theft in the third degree. Petitioner's testimony failed to establish by a preponderance of the evidence that respondent, knowingly and with the intent to defraud, assumed petitioner's identity and obtained goods, money, property, or services; used credit in petitioner's name; caused petitioner or anyone else a financial loss; or committed a class A misdemeanor while using petitioner's identity (see Family Court Act § 832; Penal Law § 190.78).
Because petitioner failed to establish a prima facie case that respondent committed the family offense of identity theft, the court was not required to draw a negative inference against respondent for failing to appear and testify (see Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141 [1983]; cf. Matter of Heaven C.E. [Tiara C.], 164 AD3d 1177, 1178 [1st Dept 2018]). Family court's credibility determination is entitled to deference and we find no basis to disturb it (see Matter of Bridgette B.E. v Lisandro R.C., 208 AD3d 1094, 1094-1095 [1st Dept 2022]; Matter of F.B. v W.B., 248 AD2d 119, 119 [1st Dept 1998]).
However, Family Court should not have sua sponte vacated the prior orders of protection, including a three-year February 25, 2019 order of protection respondent consented to. Respondent did not seek such relief or even appear at the proceeding, which in any event was not focused on the validity of the prior orders of protection.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024